UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDO GINSBURG, M.D. and<br>BRIAN P. YUSKEVICH, M.D., :<br>:<br>Plaintiffs, :<br>:<br>v. : CIVIL ACTION NO. 2:12-cv-01140-NLS<br>:<br>ARIA HEALTH PHYSICIAN SERVICES, f/k/a, : (Electronically Filed)<br>ARIA HEALTH SYSTEM, f/k/a, FRANKFORD :<br>HEALTH CARE SYSTEM, INC., and RANDY K. :<br>METCALF, M.D., :<br>:<br>Defendants. : | |

**DEFENDANTS' MEMORANDUM OF LAW:
(1) IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE
WITH RULE 26(F) AND TO COMPEL ANSWERS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES AND DISCOVERY REQUESTS; AND
<u>(2) IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER</u>**

**I.   PRELIMINARY STATEMENT**

Late last week and throughout the weekend of April 21st and 22nd, Defendants' counsel were engaged in the process of preparing their opposition to Plaintiffs'' motion to compel and Defendants' cross-motion for protective order, together with the supporting memorandum of law which appears below.  At their root, these documents assert that it is premature to proceed with a Rule 26(f) conference in this case at this time.  Late this afternoon, Monday, April 23, 2012, the date on which Defendants' opposition to the motion to compel is due, Defendants' counsel learned for the first time that on Friday, April 20, 2012, the Court entered a Pretrial Conference Order scheduling a Rule 16 conference to be held on Thursday, May 3, 2012, at 3:30 p.m., and requiring the parties to meet and confer no later than one week prior to the Rule 16 conference.

At the point at which Defendants' counsel became aware of the Court's Order, Defendants' opposition to the motion to compel, cross-motion for protective order, and accompanying memorandum of law were substantially completed.

In accordance with the Court's Order, Defendants' counsel will assuredly appear at the May 3, 2012 Rule 16 conference and meet and confer with Plaintiffs' counsel within a week prior to that conference, as the Court has directed. Defendants' counsel, however, reserve the right to contend that the meeting which the parties will convene pursuant to the Order entered on April 20, should not permit the type of voluminous document, interrogatory and deposition discovery which Plaintiffs' counsel has launched at this exceedingly early stage of this proceeding. According to this Court's Pretrial & Practice Procedures, Rule 16 conferences are typically held within sixty (60) days after a responsive pleading has been filed, and the deadline for having a Rule 26(f) conference is twenty-one (21) days before the Rule 16 conference is to be held. According to that schedule, these deadlines would be far from expiring in this case and, indeed, would be well off in the future.

As set for more fully below, Defendants have until May 11, 2012 within which to respond to the Complaint, and it is Defendants' intention at that time to file a motion to dismiss, which is not a responsive pleading. At that same time, Defendants intend to address the question of whether discovery should be proceeding at all during the pendency of the motion to dismiss. The Court, of course, has full discretion to control the timing of discovery and, in appropriate cases, the Court may stay discovery during the pendency of a dispositive motion. Defendants' counsel should be given the opportunity to address this issue simultaneously with the filing of Defendants' motion to dismiss, and the Court should be given the opportunity to decide the question in that context.

Given this procedural posture, Plaintiffs have offered no justification for the extraordinary relief that they seek in their motion to compel--expediting the Rule 26(f) conference and permitting the commencement of burdensome discovery before a responsive pleading has even been filed. The sole basis for their position in this regard is their allegation that when Plaintiff Yuskevich looked at the medical record of a single patient in the summer of last year, he did not see a "flow chart", and their related concern based on that allegation that evidence may have been lost. However, as set forth more fully below and in the accompanying Declaration of Sigrid Warrender, the allegation is not true, and the concern is unfounded.

Accordingly, for all these reasons, and for the reasons set forth more fully below, while Defendants and their counsel will fully comply with the Court's Pretrial Conference Order, they reserve the right to contend that it is premature to complete the Rule 26(f) conference and the meeting between counsel pursuant to the Order entered on April 20, should not permit the pursuit of the broad and burdensome discovery Plaintiffs are seeking to pursue. Defendants' counsel look forward to addressing these matters further with Plaintiffs' counsel and the Court at the upcoming conferences.

**II.      INTRODUCTION**

Plaintiffs' motion to compel and Defendants' cross-motion for protective order arise out of Plaintiffs' premature attempt to force Defendants to engage in a Rule 26(f) conference and pursue broad-ranging discovery regarding the merits of this litigation, before Defendants have even responded to Plaintiffs' Complaint. Plaintiffs purportedly base their motion upon the unsworn allegation of Plaintiff Brian P. Yuskevich, M.D, ("Yuskevich") that, more than eight months ago, in June or July of 2011, he allegedly observed that a "flow chart" was missing from the medical records of a single patient. This allegation is false. The flow charts are in the patient file and have been preserved. See Exhibit "A," Declaration of Sigrid Warrender.

Plaintiffs' attempt to compel Defendants to engage in wide-sweeping and burdensome discovery regarding the merits of this case at this early stage is nothing more than an ill-conceived tactic to harass and burden Defendants at a critical time in the case -- as they prepare to respond to the Complaint. Before Defendants have responded to the Complaint, Plaintiffs have served no fewer than: (1) 105 separate requests for production of documents and things covering a wide array of matters and issues, far beyond the simple patient "flow chart" on which the motion is based; and (2) 24 separate interrogatories.  They have also requested to schedule an initial round of 11 depositions.

Defendants intend to file a motion to dismiss the Complaint (in whole or in part), which is not due until May 11, 2012.  Discovery may not properly be served without leave of the Court until after a Rule 26(f) conference has been conducted.  The requirements of the Rule 26(f) conference include considering the nature and basis of the claims and defenses and the subjects on which discovery may be needed, as well as developing a proposed discovery plan and discussing any issues about preserving discoverable information.  FED. R. CIV. P. 26(f)(2).  In the typical case, it is not practicable to conduct a Rule 26(f) conference until Defendants have responded to the Complaint and had an adequate opportunity to prepare for the conference. What is true in the typical case is absolutely true in this case.[1]

---

[1] Although Defendants intend to file a motion to dismiss the Complaint, it bears emphasis that Defendants have not asserted and are not now contending that a general stay of discovery pending resolution of such motion should be entered at this time.  Whether discovery should be stayed or limited (and whether a Rule 26(f) conference should be conducted) while Defendants' motion to dismiss is pending, need not (and indeed should not) be determined until after Defendants' motion to dismiss is filed.  The present question is only whether a Rule 26(f) conference and burdensome discovery should proceed before Defendants have even had the opportunity to respond to the Complaint and prepare for such a conference.  It should not.

Plaintiffs have failed to put forth any good cause to support their extraordinary request to compel an early Rule 26(f) conference or burdensome and wide-sweeping discovery at this early juncture, and their motion to compel should be denied accordingly.  Moreover, in light of Plaintiffs' conduct, Defendants seek and should be granted a protective order providing that:  (a) Defendants are not required to respond to the discovery requests that have been served to-date; and (b) Plaintiffs are precluded from serving discovery requests and pursing depositions until a Rule 26(f) conference is completed after the filing of Defendants' motion to dismiss.

### III.   FACTUAL BACKGROUND

#### A.   **Plaintiffs' Complaint**

On March 2, 2012, Plaintiffs, Edo Ginsburg, M.D. and Yuskevich, filed their twelve count Complaint against Defendants, Aria Health Physician Services, Aria Health System and Randy Metcalf M.D., purporting to allege, *inter alia*, hostile work environment and retaliation claims under Title VII, the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").  The Complaint also purports to allege claims under the Pennsylvania Whistleblower Law and for breach of contract, intentional infliction of emotional distress and assault.  Defendants waived service of the Complaint and, as a result, a responsive pleading or motion to dismiss the Complaint is due no earlier than May 11, 2012.  *See* Doc. 1.

#### B.   **Plaintiffs' Spoliation Accusation**

##### 1.   **The Broad Accusation Of Spoliation Is Purportedly Based Upon Records Of A Single Patient About Which Plaintiffs Have Allegedly Known For More Than Eight Months.**

A mere three weeks after the 12-count Complaint was delivered with a request to waive service and more than a month before a response to the Complaint was due, on April 3, 2012, Plaintiffs' counsel contacted Defendants' counsel requesting that the parties schedule and conduct a Rule 26(f) conference.  See Exhibit "B", April 3, 2012 email from T. McGarvey to J.

D. Wetchler. Thereafter, on April 4, 2012, Plaintiffs' counsel sent a letter to Defendants' counsel asserting that that Plaintiffs have first-hand knowledge that certain medical charts of patient care rendered by Dr. Metcalf have been altered or are missing in whole or in part. Although Plaintiffs demanded that Defendants immediately investigate and provide "full and complete details of all results," neither a description of the charts to which Plaintiffs were referring nor the basis for their accusation was provided. See Exhibit "C," April 4, 2012 letter from G. Bochetto to J.D. Wetchler.

On April 5, 2012, counsel spoke by telephone and engaged in email communications. When counsel for Defendants inquired as to the basis for the spoliation accusation and asked for a description of the charts, Plaintiffs' counsel initially refused to provide any meaningful detail and instead, referred to the medical charts of 17 individuals identified in Exhibit O to Plaintiffs' Complaint, and indicated: "This is as specific as it gets." See Exhibit "D," April 5, 2012 12:11 p.m. email from G. Bochetto to J. D. Wetchler. The only reference in Exhibit O to purportedly missing records is to information Plaintiffs allegedly had for 9 months about patient #715464. See Exhibit "O" to Complaint, pages 13-15.

By letter of April 5, 2012, Defendants' counsel again requested detailed information about any records Plaintiffs claim were altered or are missing, and the basis for their accusation.[2] After a further request for information, Plaintiffs' counsel identified a single medical chart, chart #715464, as the basis for the accusation that multiple medical charts have been altered or are missing, and referred Defendants' counsel to the undated and unsworn Declaration of Brian P. Yuskevich, M.D., which had been filed in Court that day[3]. This document states, among other

---

[2]  See Exhibit "E," April 5, 2012 letter from J.D. Wetchler to G. Bochetto.

[3]  See Exhibit "F," April 5, 2012 12:31 p.m. email from J.D. Wetchler to G. Bochetto and 3:03 p.m. email from G. Bochetto to J.D. Wetchler.

6

things, that, in late June or early July of 2011, Yuskevich reviewed the medical chart for patient #715464 in Defendants' computer system, and "discovered that the 'flow chart' component for this patient was not extant." See Exhibit "G", Declaration of Brian P. Yuskevich, M.D. (the "Yuskevich Declaration"). The Yuskevich Declaration makes clear that the alleged information upon which Plaintiffs base their spoliation accusation (1) is limited to chart #715464 and (2) was known to Plaintiffs (and presumably their counsel) for more than eight months. Id. at ¶¶ 2, 5.

In his April 16, 2012 letter, Plaintiffs' counsel confirmed that the requested information has already been "supplied to you."[4] Defendants' counsel again confirmed that, based upon the April 16, 2012 letter and the lack of any additional information from Plaintiffs, "…we take the declaration you filed with the Court to be a full and complete description of all information your clients have to support your accusation that records are missing or have been altered."[5] Plaintiffs' counsel responded without providing any additional information.[6]

### 2. The Spoliation Allegation Is Without Merit, And The Records Plaintiffs Have Requested Be Investigated Have Been Preserved.

Yuskevich's unsworn accusation that the flow chart for medical record number 715464 is missing is simply untrue.[7] Aria Health's Director of Health Information Management, Sigrid Warrender, reviewed electronic medical record number 715464. As she states in her Declaration: "[M]edical record number 715464 contains the ICU RN patient flow charts." Exhibit "A," Declaration of Sigrid Warrender, executed April 23, 2012, paragraph 6. These

---

[4]   See Exhibit "H," April 16, 2012 letter from G. Bochetto to J.D. Wetchler.

[5]   See Exhibit "I," April 18, 2012 letter from J.D. Wetchler to G. Bochetto.

[6]   See Exhibit "J," April 18, 2012 letter from G. Bochetto to J.D. Wetchler.

[7]   It is interesting to note that Yuskevich's so called "declaration" is not made in accordance with 28 U.S.C. §1746 under penalty of perjury as that statute provides. It is no wonder that the declaration was not made under penalty of perjury. It is not true.

records are maintained in the ChartOne electronic medical records system. *Id.* ¶ 3. Director of Health Information Management Warrender has taken appropriate steps to preserve the electronic medical records contained in the ChartOne Medical electronic medical records system regarding the events described in Exhibit "O" to the Complaint. *Id.* ¶ 7. In short, the records Yuskevich says are missing are in the file and have been preserved.

### C. Plaintiffs' Demand That A Rule 26(f) Conference Be Conducted On April 5, 2012 And Service Of Broad-Ranging Discovery Requests.

Also on April 5, 2012, Plaintiffs' counsel demanded that a Rule 26(f) conference be conducted immediately. Counsel for Defendants responded that "…a Rule 26(f) conference is premature. We intend to file a motion to dismiss and it would not be productive to schedule a Rule 26(f) conference at this juncture."[8] Plaintiffs' counsel responded by demanding that a Rule 26(f) conference be conducted on the afternoon of April 5, 2012. See Plaintiffs' Motion, ¶ 11. When Defendants' counsel did not agree, Plaintiffs filed their Motion to Compel that afternoon.

Thereafter, on April 5 and 9, 2012, and despite the fact that Plaintiffs had not obtained Court approval, Plaintiffs served Defendants with two separate sets of requests for the production of documents (Exhibits "L" and "M") and two separate sets of interrogatories (Exhibits "N" and "O"). In sum, before Defendants have even responded to the Complaint, Plaintiffs have sought the production of 105 separate categories of documents and tangible things and interposed 24 separate interrogatories. These requests and interrogatories are overly broad in scope and will impose undue burden on Defendants, particularly at this early pleading stage. For example, Plaintiffs request the production of the following categories of documents:

---

[8] See Exhibit "K", April 5, 2012 12:09 p.m. email from J.D. Wetchler to G. Bochetto. It was never stated that a Rule 26 conference wouldn't be considered until the motion to dismiss is decided, as alleged in paragraph 10 of Plaintiff's Motion. *Id.*

3. All Documents which You believe vindicate Or Relate to a defense of Metcalf to Any of the allegations in Plaintiff's Complaint.

5. All Documents Relating to Your employment relationship with Metcalf.

6. All Documents Relating to Your employment relationship with Ginsburg.

7. All Documents Relating to Your employment relationship with Yuskevich.

18. All Documents Reflecting Aria's human resource policy and procedures for medical staff And employees at the time of the 2006 incident described more fully in paragraphs 37 and 38 of Plaintiff's Complaint.

23. All Document Reflecting all action taken by You and Relating to the August, 2004 incident described in paragraphs 46 and 48 of Plaintiff's complaint.

52. All Documents Reflecting Your entire employee file for Metcalf.

53. All Documents Reflecting Your entire employee file for Ginsburg.

54. All Documents Reflecting Your entire employee file for Yuskevich.

57. All Documents Reflecting Aria's internal patient safety plan required by 40 P.S. § 1303.307.

59. All Documents Relating to Aria's "system" for reporting "serious events" Or "incidents" as required by 40 P.S. § 1303.307.

64.-80. All Documents Reflecting your full and complete file for [17 patients] . . .

81. All Documents Reflecting Communications by and between You, on the one hand, And Any of the nurses, Hospital staff, physician assistants, perfusionists, Or doctors who were present for the [17] medical procedures performed by Metcalf and described in Exhibit "O" to Plaintiff's Complaint.

83. Your state and federal tax returns for 2008, 2009, 2010, and 2011.

88. All Documents You intend to introduce into evidence at Any trial Or hearing of this matter.

99. All Documents Reflecting Your employee files for Each of the following persons: [listing *17* individuals].

Exhibit "K".[9]

---

[9] Plaintiffs have purportedly "refrained" from attaching the document requests and interrogatories over concerns about the disclosure of patient names. To alleviate these concerns and provide the Court with proper context of the discovery at issue, Defendants

9

In addition, Plaintiffs have requested to schedule in May an initial round of 11 depositions. <u>See</u> Exhibit "P," April 16, 2012 letter from G. Bochetto to J.D. Wetchler. If conducted at that time, Defendants would be deprived of the opportunity to properly prepare for the depositions. Because this case is currently at the pleading stage, Defendants lack the opportunity to review relevant documents in the possession of Plaintiffs and Plaintiffs' answers to interrogatories describing the subject matter about which these witnesses purportedly have relevant information.

**IV.     ARGUMENT**

> **A.     <u>Plaintiffs' Motion To Compel A Rule 26(f) Conference And To Compel Wide-Sweeping Discovery Should Be Denied.</u>[10]**
>
>> **1.     <u>Plaintiffs Have Failed To Establish A Basis For Compelling Defendants To Participate In A Rule 26(f) Conference At This Early Stage.</u>**

Rule 26(f) requires the parties to meet and prepare a proposed plan for discovery. Fed. R. Civ. P. 26(f)(3). There is typically no obligation for parties to meet and confer under Rule 26(f) at this early stage of the litigation, and to require them to do so would not well-serve the purposes of that Rule. Rather, Rule 26(f) requires the parties to confer "as soon as practicable-- and at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). According to the Practice Procedures of this Court, Rule 16 Scheduling Conferences are held within 60 days *after* a responsive pleading has been

---

       have attached the requests and interrogatories to this Memorandum, but have redacted patient names and information.

[10]    Although Plaintiffs first sought an initial round of 11 depositions after filing the present motion to compel answers to Plaintiffs' Interrogatories and Document Requests, the same logic prohibiting these depositions as premature applies.

10

filed.[11]  The Court then enters the Scheduling Order, which includes the scope and schedule for discovery, after the Rule 16 conference is held.  *Id.*  According to that schedule, the time within which a Rule 26(f) conference must be conducted would not be close to expiring.

Moreover, it is not practicable to conduct a Rule 26(f) conference at this early stage of the litigation.  At the conference, the parties are required to substantively address their positions, in detail, on a wide variety of subjects.  Defendants are in the process of evaluating their defenses, including those that will form the basis for their motion to dismiss.  After the filing of the motion to dismiss, Defendants will require additional time to conduct factual investigation to prepare their Rule 26(a)(1) disclosures and to evaluate and develop their positions on each of the matters required for a proposed discovery plan and otherwise meet their responsibilities for the Rule 26(f) conference.  Defendants are not and should not be required to participate in a Rule 26(f) conference at this juncture.  Indeed, such an undertaking at this early stage would not be a meaningful or productive endeavor.

There can be no doubt that the Court has the power to fix the timing of a Rule 26(f) conference and the commencement of discovery.  The management of the discovery process is left to the broad discretion of the district court.  Even a decision to stay discovery pending resolution of a dispositive motion is within the court's discretion.  *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. Pa. 2001); *Ball v. Counselor Hartman*, No. 09-0844, 2010 U.S. Dist. LEXIS 1899, *13 (M.D. Pa. Jan. 11, 2010).  "A stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay."  *Weisman v. Mediq, Inc.*, No. 95-1831,

---

[11]  Information pertaining to Judge Norma L. Shapiro, Handbook of Pretrial & Practice Procedures of Individual Judges and Magistrates of the United States District Court for the Eastern District of Pennsylvania, § B.1.a.

1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May. 4, 1995) (Rendell, J.).  The Third Circuit has affirmed district court decisions to stay discovery pending the outcome of a Rule 12(b)(6) motions.  *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d at 365.

Because the Court has the authority to stay discovery pending the resolution of a motion to dismiss, it likewise has the authority to fix the period of time within which a Rule 26(f) conference should be conducted.  Indeed, "courts [even] retain authority to enter case-specific orders exempting an action before them from the discovery conference requirement."  Moore's Federal Practice 3D §26.141, 26-596.  Again, whether a Rule 26(f) conference should await the disposition of Defendants' motion to dismiss need not now be determined (<u>see</u> footnote. 1, *supra*.), but clearly the Rule 26(f) conference is premature at this time.

For all of the foregoing reasons, Plaintiffs' motion to compel Defendants to participate in a Rule 26(f) conference should be denied.

### 2. <u>Plaintiffs Have Failed To Establish That They Are Entitled To Expedited Discovery.</u>

Plaintiffs violated Rule 26(d)(1) when they served their burdensome document requests and interrogatories.  Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  FED. R. CIV. P. 26(d)(1).  To date, the parties properly have not held a Rule 26(f) conference, and none of the above-listed exceptions apply.  For this reason alone, Plaintiffs' Motion to compel discovery should be denied.

District courts generally preclude the taking of discovery before the filing of a responsive pleading or the entry of a discovery plan.  *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21498, at *6-7 (E.D. Pa. Oct. 25, 2004) (quashing subpoena served prior to Rule 26(f) conference); *Phillips v. UPS*, No. 08-13978, 2009 U.S. Dist. LEXIS 59538, at *2-3 (E.D. Mich. July 13, 2009) (motion to compel responses to requests for production prior to rule 26(f) conference denied as premature); *Famous v. Pollard*, No. 07-847, 2008 U.S. Dist. LEXIS 16753, at *5 (E.D. Wis. Feb. 15, 2008) ("[T]his case has not entered the discovery phase thereby making the plaintiff's motion [to compel discovery] premature.  Once the defendants have filed an answer, the court will enter a scheduling order setting deadlines for the completion of discovery as well as the filing of dispositive motions."); *Dawson v. Frias*, No. 09-6050, 2010 U.S. Dist. LEXIS 27228, at *2 (D.N.J. Mar. 23, 2010) (citing *Famous* with approval).

The Third Circuit has yet to adopt a standard for the evaluation of requests for expedited discovery.  The district courts have used both a "good cause" and a more demanding injunctive relief standard.  *Leone v. Towanda Borough*, No. 12-0429, 2012 U.S. Dist. LEXIS 47594, at *4-5 (M.D. Pa. Apr. 4, 2012) (noting trend to apply good reason standard and denying request for expedited discovery under good cause standard where plaintiff delayed in filing complaint).[12]

---

[12]  As explained in *Leone:*

> The more stringent injunctive relief standard requires the moving party to demonstrate:
>
> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.
>
> 2012 U.S. Dist. LEXIS 47594 at *4 (citations omitted).

Not only are they unable to meet the injunctive relief standard, but Plaintiffs have failed to demonstrate any "good cause" for the extraordinary relief they seek. *See id*. Good cause is found only when the plaintiff's need for urgent discovery outweighs the possible prejudice or hardship to the defendant *See Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 276-77 (N.D. Cal. 2002).

Plaintiffs' claim that a "flow chart" with respect to a single patient was allegedly not in the electronic medical records storage system in June or July of 2011 falls far short of the good cause showing necessary to support their extraordinary request for early and expedited discovery. The records Yuskevich says were missing are in the file and they have been preserved. *See* Warrander Declaration.

Plaintiffs' motion to compel the expedited discovery they seek should also be denied because Plaintiffs' document requests and interrogatories cover subject matters far broader than the concerns raised over the allegedly missing "flow chart" of a single patient. This Court has held that the failure to set "reasonable boundaries" provides a sufficient basis to deny a request for early or expedited discovery. *Philadelphia Newspapers v. Gannett Satellite Info. Network*, 98-2782, 1998 U.S. Dist. LEXIS 10511, at *9 (E.D. Pa. July 15, 1998) (McGlynn, Jr., J.). Of the 105 document requests and 24 interrogatories improperly served, the vast majority are directed at matters that have nothing to do with "flow charts" or spoliation. The breadth and sheer volume of these discovery requests are proof positive that Plaintiffs' motion to compel responses to the discovery requests it served in violation of Rule 26(d)(1) is calculated to burden and harass Defendants and their counsel at this critical time -- while they are investigating Plaintiffs' allegations and preparing Defendants' motion to dismiss.

Plaintiffs' premature discovery is inimical to the purpose of facilitating orderly case management underlying Rules 16 and 26. "The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning." 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed. 2012). *See also* 3-16 MOORE'S FEDERAL PRACTICE - CIVIL § 16.13 (providing that purpose of Rule 16 conference is, in part, to set the proper scope and duration of discovery). The premature and burdensome discovery Plaintiffs have launched under the false pretext of spoliation of a single patient's "flow chart" is the antithesis of the advance planning and collaboration that lie at the heart of these Rules.

### B. Defendants Have Demonstrated Good Cause For the Entry Of A Protective Order Preventing Plaintiffs' Premature And Unduly Burdensome Discovery.

There is good cause to enter a protective order prohibiting Plaintiffs' premature and overly broad discovery at this stage. Motions for a protective order are governed by Rule 26(c), which provides that "[a] party or person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c). Rule 26(c) authorizes the court, for good cause shown, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The party seeking a protective order "must show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Good cause is established when the movant specifically demonstrates that the discovery sought will cause clearly defined harm to the moving party. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). As set forth in Section III.A., *supra*, there is good cause for the protection requested by Defendants.

Rather than seek discovery in the collaborative fashion envisioned under the Federal Rules, Plaintiffs have prematurely served overly broad and highly burdensome discovery. Plaintiffs' discovery requests, at this early juncture, serve no purpose other than to harass and burden Defendants as they investigate Plaintiffs' claims and respond to the Complaint. Moreover, the protective order will not result in any prejudice to Plaintiffs. The "flow chart" about which Plaintiffs claim to be concerned is in the file and has been preserved. Discovery will proceed, without any prejudice to Plaintiffs, in an orderly fashion at the appropriate time.

In addition, Plaintiffs' request to take no less than 10 deposition is premature and not appropriate at this time. "[R]arely do courts authorize the taking of party depositions prior to the production of documents." *Babyage.com, Inc v. Toys "R" Us, Inc.*, 458 F. Supp. 2d 263, 265 n.5 (E.D. Pa. 2006) (Brody, J.) (citation omitted). In support of her ruling in *Babyage.com, Inc.*, Judge Brody described the underlying purpose of the civil discovery rules by quoting the following language from *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-83 (1958):

> Modern instruments of discovery serve a useful purpose. . . . They together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.

Plaintiffs' attempt to schedule depositions at this early stage of the litigation will serve no purpose other than unfairly surprise Defendants with documents and other information in the possession of Plaintiffs that they would be required to produce and disclose when discovery requests are served in the ordinary course of properly conducted litigation. In light of Plaintiffs' conduct, a protective order is warranted, ordering that: (a) Defendants are not required to respond to the discovery requests that have been served; and (b) Plaintiffs are precluded from serving discovery requests and pursing depositions until a Rule 26(f) conference is completed after the filing of Defendants' motion to dismiss.

## V. CONCLUSION

For all of the foregoing reasons, Defendants, Aria Health Physician Services, Aria Health and Randy K. Metcalf, M.D., respectfully request that this Court: (a) deny Plaintiffs' Motion to Compel a Rule 26(f) Conference and Motion to Compel Answers to Plaintiffs' First Sets of Interrogatories and Document Requests; and (b) grant Defendant's Motion for Protective Order.

**DUANE MORRIS LLP**

/s/ Patrick Matusky
Patrick Matusky, Esq.
DUANE MORRIS LLP
1490 Route 70 East
Suite 200
Cherry Hill, NJ  08003-2171
Phone: + 1 856 874 4210
Facsimile:  + 1 856 424 4446
Email: pmatusky@duanemorris.com

/s/ Jonathan D. Wetchler
Jonathan D. Wetchler, Esq.

/s/ Christopher D. Durham
Christopher D. Durham, Esq.

DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: + 1 215 979 1886/1510
Facsimile: + 1 215 979 1020
Email: jwetchler@duanemorris.com
Email: cddurham@duanemorris.com

*Attorneys for Defendants Aria Health Physician Services, Aria Health System and Randy K. Metcalf, M.D.*

Dated: April 23, 2012