UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDO GINSBURG, M.D. and<br>BRIAN P. YUSKEVICH, M.D., | : <br> : <br> : |
| Plaintiffs, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 2:12-cv-01140-NLS<br> : |
| ARIA HEALTH PHYSICIAN SERVICES, f/k/a,<br>ARIA HEALTH SYSTEM, f/k/a, FRANKFORD<br>HEALTH CARE SYSTEM, INC., and RANDY K.<br>METCALF, M.D., | :    (Electronically Filed)<br> : <br> : <br> : |
| Defendants. | : <br> : |

**TABLE OF EXHIBITS FOR DEFENDANTS' MEMORANDUM OF LAW:
(1) IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE
WITH RULE 26(F) AND TO COMPEL ANSWERS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES AND DISCOVERY REQUESTS; AND
(2) IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER**

| Exhibit | Document |
|---|---|
| Exhibit A | Declaration of Sigrid Warrender |
| Exhibit B | 4-3-12 Email from Todd S. McGarvey to Jonathan Wetchler (cc to George Bochetto) re: setting up time to hold Rule 26(f) conference. |
| Exhibit C | 4-4-12 Letter from George Bochetto to Jonathan Wetchler re: medical charts of patient care |
| Exhibit D | 4-5-12 12:11 p.m. email from George Bochetto to Jonathan Wetchler |
| Exhibit E | 4-5-12 letter from Jonathan Wetchler to George Bochetto |
| Exhibit F | 4-5-12 email chain, including 4-5-12 12:31 p.m. email from Jonathan Wetchler to George Bochetto and 3:03 p.m. email from George Bochetto to Jonathan Wetchler |

| Exhibit G | Declaration of Brian P. Yuskevich, M.D. |
|-----------|------------------------------------------|
| Exhibit H | 4-16-12 Letter from George Bochetto to Jonathan Wetchler. |
| Exhibit I | 4-18-12 Letter from Jonathan Wetchler to George. |
| Exhibit J | 4-18-12 Letter from George Bochetto to Jonathan Wetchler. |
| Exhibit K | 4-5-12 12:09 p.m. email from Jonathan Wetchler to George Bochetto |
| Exhibit L | Plaintiffs' First Request for Production of Documents Directed to Defendants Aria Health Physician Services, f/k/a FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System (Set I). |
| Exhibit M | Plaintiff's Second Request for Production of Documents Directed to Defendants Aria Health Physician Services, f/k/a FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc. (Set II) |
| Exhibit N | Plaintiffs' First Set of Interrogatories Directed to Defendant Aria Health Physician Services, f/k/a FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc. (Set I) |
| Exhibit O | Plaintiffs' Second Set of Interrogatories Directed to Defendants Aria Health Physician Services, f/k/a FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc. (Set II) |
| Exhibit P | 4-16-12 Letter from George Bochetto to Jonathan Wetchler re: scheduling of depositions. |

DM2\3510461.2

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDO GINSBURG, M.D. and<br>BRIAN P. YUSKEVICH, M.D., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 2:12-cv-01140-NLS |
| ARIA HEALTH PHYSICIAN SERVICES, f/k/a,<br>ARIA HEALTH SYSTEM, f/k/a, FRANKFORD<br>HEALTH CARE SYSTEM, INC., and RANDY K.<br>METCALF, M.D., | : |
| Defendants. | : |

## **DECLARATION OF SIGRID WARRENDER**

I, Sigrid Warrender, pursuant to 28 U.S.C. § 1746(2), do hereby declare and state as follows:

1.     I am employed by Aria Health ("Aria"), a subsidiary of Aria Health System, as Director of Health Information Management.  I have held this position since April 2006.

2.     I have reviewed the undated Declaration of Brian P. Yuskevich, M.D. (the "Yuskevich Declaration"), submitted as Exhibit "A" to Plaintiffs' Motion to Compel Defendants' Compliance with Rule 26(f) of the Federal Rules of Civil Procedure and to Compel Answers to Plaintiffs' First Set of Interrogatories and Document Requests, filed in the above-titled action.

3.     As Director of Health Information Management, my responsibilities include the management of the electronic medical records system in which the medical chart referred to in paragraph 5 of the Yuskevich Declaration is maintained.  This electronic medical records system is known as ChartOne.

4.     As Director of Health Information Management, I have access to the contents of the electronic medical records in ChartOne.  I also have firsthand personal knowledge of the security of the electronic medical records in ChartOne.

5.     I have reviewed medical record number 715464 that is referenced in the Yuskevich Declaration, as it exists in the ChartOne electronic medical record system.

6.     The statement in paragraph 5 of the Yuskevich declaration that the ICU RN patient flow chart component for medical record number 715464 is "not extant" is incorrect.  To the contrary, medical record number 715464 contains the ICU RN patient flow charts.

7.     In addition, I have taken appropriate steps to ensure the preservation of the electronic medical records contained in ChartOne regarding the events described in Exhibit "O" to Plaintiffs' Complaint in the above-titled action.

I declare under penalty of perjury that the foregoing is true and correct.

SIGRID WARRENDER

Executed: April 23 2012

2

# EXHIBIT B

**Todd S. McGarvey**

| | |
|---|---|
| **From:** | Todd S. McGarvey |
| **Sent:** | Tuesday, April 03, 2012 5:15 PM |
| **To:** | 'jwetchler@duanemorris.com' |
| **Cc:** | George Bochetto (gbochetto@bochettoandlentz.com) |
| **Subject:** | Yuskevich et al v. Aria, No. 12-cv-1140 |

Mr. Wetchler:

As you know, we represent the Plaintiffs in the noted matter. I am working with George Bochetto on this matter, and we would like to set up a time to hold the Rule 26 (f) conference.

Please let us know your availability to hold this conference at your earliest opportunity.

Kind regards,

Todd S. McGarvey, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
Ph: 215-735-3900
Fax: 215-735-2455
tmcgarvey@bochettoandlentz.com
This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.

# EXHIBIT C

# BOCHETTO & LENTZ

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

1524 LOCUST STREET

PHILADELPHIA, PA 19102

---

TELEPHONE: (215) 735-3900

TELECOPIER: (215) 735-2455

---

FIRM WEB SITE:

bochettoandlentz.com

E-MAIL ADDRESS:

gbochetto@bochettoandlentz.com

GEORGE BOCHETTO^
GAVIN P. LENTZ*
JEFFREY W. OGREN*
DAVID P. HEIM*
VINCENT van LAAR*
TODD S. MCGARVEY*
TRICIA DESMARAIS-CLARK*
JOHN A. O'CONNELL*
PETER R. BRYANT*

ALBERT M. BELMONT, III*
   OF COUNSEL

CORA I. O'DONNELL, J.D.
MARIA TROUT
JANINE BAKER
   PARALEGALS

PRACTICE DEDICATED TO LITIGATION
AND NEGOTIATION MATTERS

NEW JERSEY OFFICE
---
1230 BRACE ROAD
CHERRY HILL, NEW JERSEY 08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0631
TELECOPIER: (856) 722-5511

* ADMITTED TO NEW JERSEY BAR
† ADMITTED TO NEW YORK BAR
^ ADMITTED TO D.C. BAR

April 4, 2012

**VIA E-MAIL - jwetchler@duanemorris.com**
**AND CERTIFIED MAIL**
Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

    Re:  *Yuskevich, et al v. Aria Health, et al.*
         *U.S.D.C. for the Eastern District of PA, No. 2:12-cv-01140-NS*

Dear Mr. Wetchler:

    My clients have first-hand knowledge that certain medical charts of patient care rendered by Dr. Metcalf have been altered, and that certain other medical charts of patient care rendered by Dr. Metcalf are missing either entirely or in part. We hereby demand a complete investigation of these circumstances, full and complete details of all results of such investigation, and a report as to what will be done to correct the problem.

    Please immediately acknowledge your receipt of this letter and your intention to immediately undertake the requests made herein, because otherwise we will have to immediately address what appears to be a purposeful spoliation of evidence.

    Thank you for your attention to this matter.

                                        Sincerely,

                                        BOCHETTO & LENTZ, P.C.

                                        By:
                                            George Bochetto

GB:dc

# EXHIBIT D

**From:** George Bochetto [mailto:gbochetto@bochettoandlentz.com]
**Sent:** Thursday, April 05, 2012 12:11 PM
**To:** Wetchler, Jonathan D.
**Subject:** Yuskevich, et al. v. Metcalf, et al.

Dear Mr. Wetchler:

I am following up our telephone call this morning during which I asked exactly what was being done to investigate the alteration and spoliation of medical records. You flippantly stated that we would soon receive a letter stating that more information is needed and that "we will act accordingly." This is unacceptable.

The records we have reason to believe have been altered or spoliated are specifically those medical charts referred to in Exhibit O of Plaintiffs' Complaint. This is as specific as it gets.

Please immediately confirm that you will immediately conduct an investigation as to these records as previously requested.

George Bochetto, Esq.
**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA 19102
215-735-3900
fax 215-735-2455
www.bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# EXHIBIT E

## DuaneMorris·

JONATHAN D. WETCHLER
DIRECT DIAL: +1 215 979 1886
PERSONAL FAX: +1 215 689 4937
E-MAIL: jwetchler@duanemorris.com

www.duanemorris.com

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

April 5, 2012

**VIA E-MAIL (gbochetto@bochettoandlentz.com)**
**AND CERTIFIED MAIL**

George A. Bochetto, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia PA 19102

>      Re:   **Ginsburg, et al. v. Aria Health Physician Services, et al.,**
>            **No. 12-cv-1140 (E.D. Pa.)**

Dear Mr. Bochetto:

I write in response to your April 4, 2012 letter. In your letter, you state that your clients, Drs. Ginsburg and Yuskevich, have "first-hand knowledge" that "certain medical charts of patient care rendered by Dr. Metcalf" either have been altered or are missing (entirely or in part). You also state that the allegedly altered or missing charts "appear[] to be a purposeful spoliation of evidence."

Noticeably absent from your letter is any information whatsoever about either the factual basis for your accusation or any description of the "certain medical charts of patient care" that allegedly have been altered or are missing, about which Drs. Ginsburg and Yuskevich allegedly have first-hand knowledge. It is unclear why you have not provided this information. In response to my inquiry earlier today via phone and email, you state that: "The basis of the accusation is Dr. Yuskevich's firsthand knowledge of damage to at least one Metcalf chart (chart #715464) which he observed when he was still employed at Aria." How long ago was this?

Defendants take their document preservation obligations seriously. In order to understand whether there is any factual basis for your accusation and investigate what you claim has occurred, we request that you specifically provide the following information with respect to the single chart you have identified and any other records about which your clients have knowledge:

George A. Bochetto, Esquire                                    **D**uane**M**orris
April 5, 2012
Page 2

- the identity of the patients whose medical records you allege were altered or are missing;
- a detailed description of the specific records you claim were altered (including but not limited to the name of the patient and date and type of the record) and the alterations you allege were made;
- a detailed description of the patient medical records you allege are missing, in whole or in part (including but not limited to the name of the patient and date and type of the record);
- the identity of any and all other individuals who have knowledge of each alleged instance of altered or missing patient medical records; and
- a description of any reports made concerning the allegedly altered or missing records, including but not limited to the person making the report, the date of the report and to whom it was made.

In addition, Defendants take seriously their legal obligations with respect to patient privacy and the confidentiality of medical records in their possession, custody or control. Accordingly, so that Defendants can ensure that they are meeting those obligations, and to ensure that that any potential breach of those obligations is addressed promptly and effectively, please provide us with the following information:

- how Dr. Ginsburg and/or Dr. Yuskevich became aware of each alleged instance of altered or missing patient medical records;
- the date on which Dr. Ginsburg and/or Dr. Yuskevich became aware of each alleged instance of altered or missing patient medical records; and
- the source(s) of Drs. Ginsburg's and Yuskevich's knowledge or information concerning the medical records at issue.

Thank you for your anticipated cooperation in providing the information we have requested above. We will look into your claim regarding the chart you have described (assuming it can be identified based upon the number you provided) and determine our course of action based upon what that review discloses as well as the information you provide.

Very truly yours,

Jonathan D. Wetchler

JDW:ldm
DM2\3483231.3

# EXHIBIT F

**George Bochetto**

| | |
|---|---|
| **From:** | Wetchler, Jonathan D. |
| **Sent:** | Thursday, April 05, 2012 12:09 PM |
| **To:** | George Bochetto |
| **Subject:** | RE: Yuskevich, et al. v. Aria Health, et al. |

Dear George-

As discussed a few minutes ago, we will respond to your attached letter in writing today, describing the information we request regarding the allegations you have made.  We have every intention of dealing with this issue promptly and appropriately.

As we also discussed, a Rule 26(f) conference is premature.  We intend to file a motion to dismiss and it would not be productive to schedule a Rule 26(f) conference at this juncture.

Regards-

Jon

**From:** George Bochetto [mailto:gbochetto@bochettoandlentz.com]
**Sent:** Wednesday, April 04, 2012 11:58 AM
**To:** Wetchler, Jonathan D.
**Subject:** Yuskevich, et al. v. Aria Health, et al.

Dear Mr. Wetchler:

Please see the attached letter which is of utmost imminent importance.

Thank you.

George Bochetto, Esq.
**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
www.bochettoandlentz.com


George Bochetto, Esq.
**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
www.bochettoandlentz.com

1

**From:** George Bochetto [mailto:gbochetto@bochettoandlentz.com]
**Sent:** Thursday, April 05, 2012 3:03 PM
**To:** Wetchler, Jonathan D.
**Subject:** RE: Yuskevich, et al. v. Metcalf, et al.

The basis of the accusation is Dr. Yuskevich's firsthand knowledge of damage to at least one Metcalf chart (chart #715464) which he observed when he was still employed at Aria. Dr. Yuskevich made this known to Aria officials, but to no avail. He  (and we) also believes other charts have been altered of damaged.

George Bochetto, Esq.
**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
www.bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.

**From:** Wetchler, Jonathan D. [mailto:JWetchler@duanemorris.com]
**Sent:** Thursday, April 05, 2012 12:31 PM
**To:** George Bochetto
**Subject:** RE: Yuskevich, et al. v. Metcalf, et al.

Dear George-

My email to you was sent before I received the communication below from you.

Having made serious accusations, based upon your client's personal knowledge, there is no reason you should refuse describe the basis for your accusation, which would be the logical starting point for an investigation.

Regards-

Jon

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDO GINSBURG, M.D. and )
BRIAN P. YUSKEVICH, M.D., )
         )
         Plaintiffs, )    No. 2:12-cv-01140-NS
         )
    v. )
         )
ARIA HEALTH PHYSICIAN SERVICES, )
f/k/a FHCS PHYSICIAN SERVICES, )
ARIA HEALTH SYSTEM, f/k/a )
FRANKFORD HEALTH CARE SYSTEM, )
INC., and RANDY K. METCALF, M.D. )
         )
         Defendants. )

## DECLARATION OF BRIAN P. YUSKEVICH, M.D.

I, Brian P. Yuskevich, M.D., for my declaration do depose and state as follows:

1.      I am a Plaintiff in the above-entitled action and I have personal knowledge of the facts set forth in this Declaration. As set forth more fully in the Complaint, I am a board-certified anesthesiologist whose employment with Defendants was terminated in or about November, 2011.

2.      In or about late June or early July, 2011 (before my employment was terminated), Drs. Ginsburg, Guvakov and myself reviewed the cardiac ICU RN patient flow chart for the patient whose treatment was described at paragraph 10 to Exhibit "O" to Plaintiffs' Complaint.

3.      The patient flow chart is a vital and important component of any surgical patient's medical record maintained by the ICU nurse, and describes a patient's vital signs such as blood pressure, heart rate, respiratory rate, temperature, blood oxygen saturation levels, mental status, and physical exam comments.

1

4.      The flow chart also provides a written commentary and notes to the patient's condition, lab results and communications between nurses and the surgeon.

5.      Upon reviewing this patient's medical chart in Defendants' computer system (record number 715464), I discovered that the "flow chart" component for this patient was not extant. There is no rational explanation for this other than someone intentionally destroying this portion of the medical records.

6.      I am also concerned that other portions of other patients' medical records have been compromised. Because I was fired by Aria, I am no longer on site and therefore no longer in a position to carefully look at medical record.

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Dated:                                 _____
                                             Brian P. Yuskevich, M.D.

2

# EXHIBIT H

# BOCHETTO & LENTZ
A PROFESSIONAL CORPORATION

GEORGE BOCHETTO^
GAVIN P. LENTZ*
JEFFREY W. OGREN*
DAVID P. HEIM*
VINCENT van LAAR*
TODD S. MCGARVEY*
TRICIA DESMARAIS*
JOHN A. O'CONNELL*
PETER R. BRYANT*

ALBERT M. BELMONT, III*
OF COUNSEL

CORA I. O'DONNELL, J.D.
MARIA TROUT
JANINE BAKER
SHIRE MCLELLAN
PARALEGALS

PRACTICE DEDICATED TO LITIGATION
AND NEGOTIATION MATTERS

ATTORNEYS AT LAW
1524 LOCUST STREET
PHILADELPHIA, PA  19102
———
TELEPHONE: (215) 735-3900
TELECOPIER: (215) 735-2455

FIRM WEB SITE:
bochettoandlentz.com

E-MAIL ADDRESS:
gbocheto@bochettoandlentz.com

NEW JERSEY OFFICE
———
1230 BRACE ROAD
CHERRY HILL, NEW JERSEY  08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0651
TELECOPIER: (856) 722-5511
———

* ADMITTED TO NEW JERSEY BAR
† ADMITTED TO NEW YORK BAR
^ ADMITTED TO D.C. BAR

April 16, 2012

**VIA E-MAIL – jwetchler@duanemorris.com**
**AND FIRST-CLASS MAIL**
Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

      Re:    *Yuskevich, et al v. Aria Health, et al.*
             U.S.D.C. for the Eastern District of PA, No. 2:12-cv-01140-NS

Dear Mr. Wetchler:

        It has been more than 10 days since my letter to you dated April 4, 2012 regarding the request for a written confirmation that a complete investigation will promptly be conducted into the spoliation of medical records involving patient treatment provided by Dr. Metcalf. Other than a request for identifying information (which I supplied to you), I have yet to receive any confirmation that Aria will conduct such an investigation.

        Please let me hear from you at your earliest opportunity, in the absence of which I will have no choice but to take further action.

                Sincerely,

                BOCHETTO & LENTZ, P.C.

                By:                       
                   George Bochetto

GB:dc

# EXHIBIT I

DuaneMorris•

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

JONATHAN D. WETCHLER
DIRECT DIAL: +1 215 979 1886
PERSONAL FAX: +1 215 689 4937
E-MAIL: jwetchler@duanemorris.com

www.duanemorris.com

April 18, 2012

**VIA EMAIL AND FIRST CLASS MAIL**

George Bochetto, Esquire
Bochetto & Lentz
1524 Locust Street
Philadelphia, PA  19102

Re:   *Edo Ginsburg and Brian Yuskevich v.*
      *Aria Health System, et al. – Civil Action No. 12-1140*

Dear Mr. Bochetto:

In your letter of April 4, 2012, you stated that your clients have first-hand knowledge that certain medical charts of patient care rendered by Dr. Metcalf have been altered or are missing in whole or in part.  Neither a description of the charts to which you were referring nor the basis for your accusation was provided.

When I inquired as to the basis for the accusation on April 5 and asked for a description of the charts, you initially refused to provide any meaningful detail.  Instead, you referred me to the medical charts of 17 individuals identified in Exhibit O to plaintiffs' Complaint, and indicated "this is specific as it gets."  The only reference in Exhibit O to missing records is to information your clients allegedly had more than 8 months ago about patient #715464.

Later on April 5, you identified that single medical chart, chart #715464, as the basis for your accusation that multiple medical charts have been altered or are missing, and referred me to the undated Declaration of Brian P. Yuskevich, M.D., which you had filed in Court that day.  The declaration states, among other things, that in late June or early July of 2011, Dr. Yuskevich reviewed the medical chart for patient #715464 in Defendants' computer system, and "discovered that the 'flow chart' component for this patient was not extant."  This makes clear that the alleged information upon which you base your accusation (1) is limited to chart #715464 and (2) was known to your client (and presumably to you) for many months.

My letter of April 5, 2012 again requested detailed information about any records your clients claim were altered or are missing, and the basis for your accusation.  We are in receipt of

George Bochetto, Esquire
April 18, 2012
Page 2

**DuaneMorris**

your letter dated April 16, 2012.  Based upon your letter (and the lack of any additional information from you) we take the declaration you filed with the Court to be a full and complete description of all information your clients have to support your accusation that records are missing or have been altered.

We are in the process of investigating based upon the information in the declaration, and anticipate having a response to you early next week.

Very truly yours,

Jonathan D. Wetchler

JDW:ldm
DM2\3503723.3

# EXHIBIT J

# BOCHETTO & LENTZ

A PROFESSIONAL CORPORATION

GEORGE BOCHETTO†^
GAVIN P. LENTZ*
JEFFREY W. OGREN*
DAVID P. HEIM*
VINCENT van LAAR*
TODD S. MCGARVEY*
TRICIA DESMARAIS*
JOHN A. O'CONNELL*
PETER R. BRYANT*
——
ALBERT M. BELMONT, III*
OF COUNSEL
——
CORA L. O'DONNELL, J.D.
MARIA TROUT
JANINE BAKER
SHIRE MCLELLAN
PARALEGALS
——
PRACTICE DEDICATED TO LITIGATION
AND NEGOTIATION MATTERS

ATTORNEYS AT LAW
1524 LOCUST STREET
PHILADELPHIA, PA 19102
——
TELEPHONE: (215) 735-3900
TELECOPIER: (215) 735-2455
——
FIRM WEB SITE:
bochettoandlentz.com
E-MAIL ADDRESS:
gbochetto@bochettoandlentz.com

NEW JERSEY OFFICE

1230 BRACE ROAD
CHERRY HILL, NEW JERSEY 08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0631
TELECOPIER: (856) 722-5511
——

† ADMITTED TO NEW JERSEY BAR
† ADMITTED TO NEW YORK BAR
^ ADMITTED TO D.C. BAR

April 18, 2012

**VIA E-MAIL – jwetchler@duanemorris.com**
**AND FIRST-CLASS MAIL**
Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

      Re:    *Yuskevich, et al v. Aria Health, et al.*
              **U.S.D.C. for the Eastern District of PA, No. 2:12-cv-01140-NS**

Dear Mr. Wetchler:

      I have your letter of April 18, 2012, which I find to be sarcastic and particularly counter-productive.

      Instead of posturing about the problem, it seems to me the productive thing to do is to conduct a full-scale investigation as to Dr. Metcalf's charts and treatment of patients for the last several years.  That we have identified at least one specific instance for you should be more than enough for you to understand that, where one spoliation may have occurred, others may have also occurred, and that investigating the situation is of the utmost importance.

      I will await your report of next week, and hope that it is a more sincere effort to deal with the problem.

                Sincerely,

                **BOCHETTO & LENTZ, P.C.**

                By: _____
                    George Bochetto

GB:dc

# EXHIBIT K

**From:** Wetchler, Jonathan D.
**Sent:** Thursday, April 05, 2012 12:09 PM
**To:** George Bochetto
**Subject:** RE: Yuskevich, et al. v. Aria Health, et al.

Dear George-

As discussed a few minutes ago, we will respond to your attached letter in writing today, describing the information we request regarding the allegations you have made.  We have every intention of dealing with this issue promptly and appropriately.

As we also discussed, a Rule 26(f) conference is premature.  We intend to file a motion to dismiss and it would not be productive to schedule a Rule 26(f) conference at this juncture.

Regards-

Jon

**From:** George Bochetto [mailto:gbochetto@bochettoandlentz.com]
**Sent:** Wednesday, April 04, 2012 11:58 AM
**To:** Wetchler, Jonathan D.
**Subject:** Yuskevich, et al. v. Aria Health, et al.

Dear Mr. Wetchler:

Please see the attached letter which is of utmost imminent importance.

Thank you.

George Bochetto, Esq.
**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
www.bochettoandlentz.com


George Bochetto, Esq.

**Bochetto & Lentz**
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
fax 215-735-2455
www.bochettoandlentz.com

This communication (including any attachments) may contain privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying, or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.

# EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EDO GINSBURG, M.D. and )
BRIAN P. YUSKEVICH, M.D., )
            )
           Plaintiffs, )      No. 2:12-cv-01140-NS
            )
      v. )
            )
ARIA HEALTH PHYSICIAN SERVICES, )
f/k/a FHCS PHYSICIAN SERVICES, )
ARIA HEALTH SYSTEM, f/k/a )
FRANKFORD HEALTH CARE SYSTEM, )
INC., and RANDY K. METCALF, M.D. )
            )
         Defendants. )

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANTS ARIA HEALTH PHYSICIAN SERVICES, f/k/a
FHCS PHYSICIAN SERVICES AND ARIA HEALTH SYSTEM, f/k/a
FRANKFORD HEALTH CARE SYSTEM, INC.**

**(SET I)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Edo

Ginsburg, M.D. And Brian P. Yuskevich, M.D., by and through their undersigned counsel

Bochetto and Lentz, P.C., hereby request that Defendants Aria Health Physician Services, f/k/a

FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc.

respond to the following Document Requests. This Request for Production of Documents is

continuing; Any Documents, materials and information that comes to Defendants' attention after

answers are provided to Plaintiffs is to be supplied by supplemental answers and productions of

Documents, materials, and information if such answers and Documents, materials, and

information would have been included in the answers had it been known or available at the time

Defendants provided their response to the Document Requests made herein.

## I.    DEFINITIONS

"Plaintiffs" shall mean plaintiffs Edo Ginsburg, M.D. and Brian P. Yuskevich, M.D. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Plaintiffs' behalf, unless the context indicates otherwise.

"Ginsburg" Or "Dr. Ginsburg" shall mean plaintiff Edo Ginsburg, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"Yuskevich" Or "Dr. Yuskevich" shall mean plaintiff Brian P. Yuskevich, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"You", "Your", "Aria", Or "Aria Health" shall mean defendants Aria Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care System, Inc. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Metcalf" Or "Dr. Metcalf" shall mean defendant Randy K. Metcalf, And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"The Hospital" Or "Torresdale Hospital" shall mean Aria's Torresdale Hospital And shall specifically include, where applicable, its officers, directors, employees, representatives,

2

agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Documents" shall mean all written, typewritten, handwritten, recorded Or printed matter of Any kind, including the originals And all identical And/or non-identical copies thereof, including Any non-identical copies different from the originals by reason of Any notation made on such copies Or otherwise, including without limitation, minutes And/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations Or reports, strategic Or business plans Or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice And intra-office Communications, offers, notations of Any sort of conversations, appointment books, day planners, calendars Or other appointment Or activity schedules, teletypes, telefax, thermafax, confirmations, computer files, computer disks, computer software, printouts of computer files, computer data (including information Or programs stored in Or on a computer Or Any other electronic device for data storage And retrieval including, but not limited to, personal digital accessories such as Palm Pilots™ And Blackberry devices, whether Or not ever printed out Or displayed); all drafts, alterations, modifications, changes And amendments to Any of the foregoing; all graphic Or manual records Or representations of Any kind including, without limitation, photographs, microfiche, microfilm, videotape, audio tape, records, motion pictures, And electronic, mechanical Or electric records Or representations of Any kind, including without limitation, tapes, cassettes, disks, magnetic cards, And recordings; And all other similar material which is in

3

Your possession, custody Or control.   Without limiting the term "control" as used in the preceding sentence, a Document shall be deemed to be within Your control, regardless of its physical location, if You have the right to secure the Document Or a copy thereof from another person Or entity, either public Or private, including, but not limited to, Your legal counsel, having actual possession thereof.

"All Documents" shall mean every Document, whether an original Or copy Or other reproduction, as above defined, known to You, And every such Document Or writing which You can locate Or discover by reasonably diligent effort.

"Communication" means Any manner Or means of disclosure, transfer, Or exchange, And Any disclosure, transfer Or exchange of information whether delivered, communicated Or exchanged orally, Or in Any Document, in an "in person" Or face-to-face interaction, by telephone, by e-mail, Or by electronic, internet, wire, Or mail delivery.

"Refer," "Relate," "Reflect," "Regard," "Refer to," "Relate to," "Referring to," "Relating to," "Reflecting" And "Concerning" (or forms thereof) shall mean directly Or indirectly, in whole Or in part, referring to, relating to, connected with, commenting on, relevant to, impinging Or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, Or constituting.

"And" shall mean and/or.  "Or" shall mean and/or.

"Each" shall mean each And every.  "Any" shall mean any And all.

4

## II.   **INSTRUCTIONS**

If You claim Any form of privilege, whether based on statute Or otherwise, as a ground for not producing Documents responsive to Any Document Request, state the nature of the privilege claimed (e.g. attorney-client, work product Or other) And set forth all facts upon which the claim of privilege is based.

The fact that Your investigation is continuing, Or that discovery is not complete, should not be used as an excuse for failing to provide responsive Documents that are as full And complete as possible as of the date of answer. The omission of Any name, fact Or other item of information from the responses shall be deemed a representation that such name, fact Or item was not known to You Or anyone acting on Your behalf at the time of service of the responsive Documents.

Whenever a request calls for information which is not available to You in the form requested, but is available in another form Or can be obtained at least in part from other sources in Your possession, You should so state And either supply the information requested in the form in which it is available Or supply the sources from which the information can be obtained.

Except for Reference to defined Or designated terms, Each discovery request shall be construed independently And not by Reference to .Any other Document Request herein for purposes of limitation.

In responding to these requests, You shall furnish all information available at the time of responding, And shall supplement Your production of Documents in accordance with the Federal Rules of Civil Procedure And Local Rules of Civil Procedure.

To the extent You possess Any requested Document Or information in electronic form. And to the extent that the Requested Document Or information is stored on Any personal

computers, Any computers maintained by You Or Aria Health, Or Any cellular Or digital telephone, Blackberry, Personal Digital Assistant, electronic organizer, computer disk, back up tape, hard drive, Or other electronic device Or storage medium, the electronic data should be produced along with the device on which it is stored.

These Requests require You to produce All Documents Reflecting Electronic Communications And Documents in electronic storage including All metadata.

## III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents Referred to And requested to be produced in Plaintiffs First Set of Interrogatories at Interrogatory 14 and 23.

2.    Any and All Documents, reports, Or descriptions Or analysis of the alteration Or deletion of Any portion of Any medical chart as to patients who received Any medical care by Dr. Metcalf anytime between January 1, 2005 and the present.

3.    All Documents which You believe vindicate Or Relate to a defense of Metcalf to Any of the allegations in Plaintiffs' Complaint.

4.    All Documents Reflecting notices to Any of Dr. Metcalf's patients Or family members Concerning medical care provided by Dr. Metcalf anytime between January 1, 2005 and the present.

5.    All Documents Relating to Your employment relationship with Metcalf.

6.    All Documents Relating to Your employment relationship with Ginsburg.

7.    All Documents Relating to Your employment relationship with Yuskevich.

8.    All Documents Reflecting Communications of any type by and between You (Or Any of Your agents, officers, Or employees), on the one hand, And Metcalf, on the other, from January 1, 2005 to the present, Relating to Any report Or complaint of discrimination,

6

retaliation, abuse, Or unprofessional behavior that You have received from Any of Metcalf's co-workers, Your employees, Or staff at Torresdale Hospital.

9.   All Metcalf curriculum vitaes, resumes, Or descriptions of his credentials.

10.   All Documents Reflecting Communications of any type by and between Susan Abraham, on the one hand, And Cliff Hall, on the other, Relating to Any complaint of discrimination, retaliation, abuse, Or unprofessional behavior that You received from Any of Metcalf's co-workers, Your employees, Or staff at Torresdale Hospital since January 1, 2005 to the present.

11.   All Documents Reflecting Communications of any type by and between Susan Abraham, on the one hand, And Ron Kumor, on the other, Relative to Any complaint of discrimination, retaliation, abuse, Or unprofessional behavior that You received from Any of Metcalf's co-workers, Your employees, Or staff at Torresdale Hospital since January 1, 2005 to the present.

12.   All Documents Reflecting Communications by and between Susan Abraham, on the one hand, And Diane Doyle, on the other, Relative to Any complaint of discrimination, retaliation, abuse, Or unprofessional behavior that You received from Any of Metcalf's co-workers, Your employees, Or staff at Torresdale Hospital since January 1, 2005 to the present.

13.   All Documents Reflecting Communications of any type by and between Susan Abraham, on the one hand, And Eileen Zimmaro, on the other, Relative to Any complaint of discrimination, retaliation, abuse, Or unprofessional behavior that You received from Any of Metcalf's co-workers, Your employees, Or staff at Torresdale Hospital since January 1, 2005 to the present.

7

14.   · All Documents Reflecting Communications of any type by and between Susan Abraham, on the one hand, And William Filmyer, on the other, Relative to Any complaint of discrimination, retaliation, abuse, Or unprofessional behavior by Any of Metcalf's co-workers, Your employees, Or staff at Torresdale Hospital since January 1, 2005 to the present.

15.   All Documents Reflecting Each Communication You have received from Any regulatory agency, medical licensing board, Or other person Or entity with supervisory responsibilities over the Hospital And its medical staff, Relating to Metcalf, since January 1, 2005 to the present.  This request includes but is not limited to Communications from the United States Department of Health and Human Services, the Pennsylvania Department of Health, And the Pennsylvania Board of Medicine.

16.   All Documents Reflecting Communications of any type, by and between You, on the one hand, And Dr. Andre Belskei, on the other, Relative to complaints of unprofessional, discriminatory, Or dangerous conduct exhibited by Metcalf in connection with the 2006 incident described more fully in paragraphs 37 and 38 of Plaintiffs' Complaint.

17.   All Documents Reflecting all action taken by You Relating to the 2006 incident described in paragraphs 37 and 38 of Plaintiffs' Complaint.

18.   All Documents Reflecting Aria's human resource policy and procedures for medical staff And employees at the time of the 2006 incident described more fully in paragraphs 37 and 38 of Plaintiffs' Complaint.

19.   All Documents Reflecting Communications, by and between You, on the one hand, And Harold S. Copper, M.D., on the other, Relative to complaints of unprofessional,

8

discriminatory Or dangerous conduct exhibited by Metcalf in connection with the March, 2004 incident described more fully in paragraphs 42 through 45 of Plaintiffs' Complaint.

20.     All Documents Reflecting all action taken by You Relating to the March, 2004 incident described more fully in paragraphs 42 through 45 of Plaintiffs' Complaint.

21.     All Documents Reflecting Aria's human resource policies and procedures for medical staff And employees at the time of the March, 2004 incident described more fully in paragraphs 42 through 45 of Plaintiffs' Complaint.

22.     All Documents Reflecting Communications, by and between You, on the one hand, And Ashrafe Ewida, on the other, Relative to a complaint of unprofessional, discriminatory, abusive, Or dangerous conduct exhibited by Metcalf in connection with the August, 2004 incident described more fully in paragraphs 46 through 48 of Plaintiffs' Complaint.

23.     All Documents Reflecting all action taken by You Relating to the August, 2004 incident described in paragraphs 46 and 48 of Plaintiffs' Complaint.

24.     All Documents Reflecting Aria's employee manual Or human resource policies and procedures for medical staff at the time of the August, 2004 incident described in paragraphs 46 and 48 of Plaintiffs' Complaint.

25.     All Documents Reflecting Each Communication made to You, Your medical staff, Your administrators, Or Your surgical chief, Relative to the mistreatment and abuse by Metcalf reported by Dr. Ewida at Any time during Or after Dr. Ewida's employment with You.

26.     All Documents Reflecting Communications by and between Howard Elefant, Susan Abraham, Cliff Hall, William G. Filmyer, And Ashrafe Edwida, Relative to the

August, 2004 incident involving Metcalf described in paragraphs 46 through 48 of Plaintiffs' Complaint.

27.     All Documents Reflecting Each occasion where Dr. Ginsburg Or Any of Your employees reported to You that Metcalf had told Dr. Ginsburg Or other medical staff that Ginsburg speaks "the Jews language" Or words to that effect.

28.     All Documents Reflecting Each occasion where Ginsburg, Yuskevich, Or Any of Your employees reported that Metcalf had mocked Or commented upon the way Dr. Ginsburg walks.

29.     All Documents Reflecting Communications from Ginsburg, Yuskevich, Or Any of Your employees Relative to Each physical threat made by Metcalf from January 1, 2005 to the present.

30.     All Documents Reflecting Communications from Ginsburg, Yuskevich, Or Any of Your employees, Relative to unwelcome physical touching by Metcalf from January 1, 2005 to the present.

31.     All Documents Reflecting Communications from Dr. Ginsburg, Dr. Yuskevich, Or Any of Your employees, Relative to verbal harassment Or swearing by Metcalf from January 1, 2005 to the present.

32.     All Documents Reflecting Communications from Ginsburg, Yuskevich, Or Any of Your employees Relative to Metcalf's behavior negatively or adversely affecting patient care Or patient outcome at the Hospital from January 1, 2005 to the present.

33.     All Documents Reflecting Any employment discipline, censure, warning, sanction, reprimand, Or curtailment of surgical Or hospital privileges that You have meted out to Metcalf at Any time.

10

34.    All Documents Reflecting Any Communication of discipline, sanction, reprimand, Or curtailment of surgical Or hospital privileges that Susan Abraham has made to Metcalf at Any time.

35.    All Documents Reflecting Any Communication of discipline, sanction, reprimand, Or curtailment of surgical Or hospital privileges that Domenic Bucci has made to Metcalf at Any time.

36.    All Documents Reflecting Any Communication of discipline, sanction, reprimand, Or curtailment of surgical Or hospital privileges that Marc Libasi has made to Metcalf at Any time.

37.    All Documents Reflecting Any Communication of discipline, sanction, reprimand, Or curtailment of surgical Or hospital privileges that Kate Kinslow has made to Metcalf at Any time.

38.    All Documents Reflecting Any Communication of discipline, sanction, reprimand, Or curtailment of surgical Or hospital privileges that Peter Farano has made to Metcalf at Any time.

39.    All Documents Reflecting Any Communication of discipline, sanction, reprimand, Or curtailment of surgical Or hospital privileges that William Filmyer has made to Metcalf at Any time.

40.    All Documents Reflecting Any notes, memoranda, Or other writings made by Susan Abraham Or Cliff Hall during or after the meeting with Dr. Ginsburg described in paragraph 81 of Plaintiff's Complaint where Dr. Ginsburg informed You that Metcalf had turned him into his "punching bag."

11

41.     All Documents Reflecting Communications by and between Ron Kumor, on the one hand, And Ginsburg, on the other, Relative to the scheduling Or cancellation of a February 16, 2011 meeting with Mr. Kumor.

42.     All Documents Reflecting Communications by and between Ron Kumor, on the one hand, And Yuskevich, on the other, Relative to the scheduling or rescheduling of a February, 2011 meeting with Mr. Kumor.

43.     All Documents Reflecting Communications by and between Ron Kumor, on the one hand, And Susan Abraham, on the other, Relative to Any unprofessional, discriminatory, abusive Or dangerous conduct exhibited by Metcalf at the Hospital since January 1, 2005.

44.     All Documents Reflecting Communications by and between Susan Abraham, Ron Kumor, Domenic Bucci, Cliff Hall, Dorinda Carolina, Diane Doyle, Eilieen Zimmaro, And William G. Filmyer, Relative to Dr. Ginsburg's July 20, 2011 termination of employment.

45.     All Documents Reflecting Communications by and between Susan Abraham, Ron Kumor, Domenic Bucci, Cliff Hall, Dorinda Carolina, Diane Doyle, Eilieen Zimmaro, And William G. Filmyer, Relative to the renewal of Dr. Ginsburg's June 1, 2009 employment agreement.

46.     All Documents Reflecting Communications by and between Susan Abraham, on the one hand, And Ginsburg, on the other, Relative to the renewal of Dr. Ginsburg's June 1, 2009 employment agreement.

47.     All Documents Reflecting Communications by and between Susan Abraham, Ron Kumor, Domenic Bucci, Cliff Hall, Dorinda Carolina, Diane Doyle, Eilieen Zimmaro, Or William G. Filmyer, Relative to Plaintiffs' July 24, 2011 statement to You that Plaintiffs would no longer work with Metcalf.

48.     All Documents Reflecting Communications by and between Susan Abraham, Ron Kumor, Domenic Bucci, Cliff Hall, Dorinda Carolina, Diane Doyle, Eilieen Zimmaro, And William G. Filmyer, Relative to Your decision to place Yuskevich on administrative leave effective August 2, 2011.

49.     All Documents Reflecting Communications by and between Susan Abraham, Ron Kumor, Domenic Bucci, Cliff Hall, Dorinda Carolina, Diane Doyle, Eilieen Zimmaro, And William G. Filmyer, Relative to the decision not to renew the terms of Dr. Yuskevich's February 12, 2011 Employment Agreement with You.

50.     All Communications by and between You, on the one hand, And Dr. Ginsburg, on the other, Relative to Dr. Ginsburg's application for employment with Any health care provider Or Ginsburg's request for information Relating to his staff privileges at the Hospital for the time period following his July 20, 2011 termination of employment.

51.     All Documents Reflecting Communications by and between You, on the one hand, And Dr. Yuskevich, on the other, Relative to Dr. Yuskevich's application for employment with Any other health care provider Or Yuskevich's request for information Relating to his staff privileges at the Hospital for the time period after You placed him on administrative leave, effective August 2, 2011.

52.     All Documents Reflecting Your entire employee file for Metcalf.

53.     All Documents Reflecting Your entire employee file for Ginsburg.

54.     All Documents Reflecting Your entire employee file for Yuskevich.

55.     All Documents Reflecting Communications by And between Domenick Bucci, on the one hand, And Dorinda Carolina, on the other, Relative to Your decision to terminate Michael Butler's employment with Aria on or about February 9, 2012.

56.     All Documents Reflecting Communications by and between You, on the one hand, And Metcalf, on the other, Relative to the Hospital's request to place Dr. Ginsburg on temporary psychiatric leave.

57.     All Documents Reflecting Aria's internal patient safety plan required by 40 P.S. § 1303.307.

58.     All Documents Relating to Aria's appointment of a patient safety officer And patient safety committee as required by 40 P.S. §§ 1303.309-310 for the time period 2001 to the present.

59.     All Documents Relating to Aria's "system" for reporting "serious events" Or "incidents" as required by 40 P.S. § 1303.307.

60.     All Documents Relating to notification of Aria's medical staff at the Hospital of the patient safety plan required by 40 P.S. § 1303.307 for the time period 2001 to the present.

61.     All Documents Reflecting Any reports of Any "serious events" Or "incidents" involving Metcalf as those terms are defined under Pennsylvania's Medical Care Availability and Reduction of Error Act.

62.     All Documents Reflecting Each occasion where Dr. Yuskevich reported to You that Metcalf had made a derogatory Or vulgar comment about Dr. Yuskevich's Russian/Lithuanian heritage Or his sexual relationship with his wife.

63.     All Documents Reflecting Any Communication by and between You, on the one hand, And Metcalf, Yuskevich, Ginsburg, Or Any of the Hospital staff present for the April 1, 2007 incident described in Exhibit "O" to Plaintiffs' Complaint.

14

**REDACTED**

64. All Documents Reflecting Your full and complete file for patient
Relative to the treatment he received from Metcalf at the
Hospital on or about April 10, 2007.

65. All Documents Reflecting Your full and complete file for patient
Relative to the treatment he received from Metcalf at
the Hospital on or about August 3, 2007.

66. All Documents Reflecting Your full and complete file for patient
Relative to the treatment she received from Metcalf at the
Hospital on or about January 14, 2008.

67. All Documents Reflecting Your full and complete medical file for patient
Relative to the treatment she received from Metcalf at
the Hospital on or about February 8, 2008.

68. All Documents Reflecting Your full and complete medical file for patient
, Relative to the treatment she received from
Metcalf at the Hospital on or about April 30, 2009.

69. All Documents Reflecting Your full and complete medical file for patient
Relative to the treatment he received from Metcalf at
the Hospital on or about June 19, 2009.

70. All Documents Reflecting Your full and complete medical file for patient
Relative to the treatment she received from Metcalf at
the Hospital on or about November 11, 2009.

REDACTED

71.    All Documents Reflecting Your full and complete medical file for patient

Relative to the treatment he received from Metcalf at the Hospital on or about July 8,

2010.

72.    All Documents Reflecting Your full and complete medical file for patient

, Relative to the treatment she received from

Metcalf at the Hospital on or about February 2, 2011.

73.    All Documents Reflecting Your full and complete medical file for patient

, Relative to the treatment he received from Metcalf

at the Hospital on or about February 10, 2011.

74.    All Documents Reflecting Your full and complete medical file for patient

Relative to the treatment he received from Metcalf at the

Hospital on or about February 23, 2011.

75.    All Documents Reflecting Your full and complete medical file for patien

Relative to the treatment he received from Metcalf at

the Hospital on or about March 25, 2011.

76.    All Documents Reflecting Your full and complete medical file for patient

Relative to the treatment he received from Metcalf

at the Hospital on or about March 29, 2011.

77.    All Documents Reflecting Your full and complete medical file for patient

Relative to the treatment he received from Metcalf at the

Hospital on or about April 14, 2011.

**REDACTED**

78.   All Documents Reflecting Your full and complete medical file for patient

Relative to the treatment he received from Metcalf at the Hospital on or about June 30, 2011.

79.   All Documents Reflecting Your full and complete medical file for patient

Relative to the treatment she received from

Metcalf at the Hospital.

80.   All Documents Reflecting Your full and complete medical file for patient

, Relative to the treatment she received from Metcalf at the Hospital.

81.   All Documents Reflecting Communications by and between You, on the one hand, And Any of the nurses, Hospital staff, physician assistants, perfusionists, Or doctors who were present for the medical procedures performed by Metcalf and described in Exhibit "O" to Plaintiff's Complaint.

82.   All Documents Reflecting the notes, memoranda, Or findings of Any investigations performed by Your Physician Affairs Committee Relative to Metcalf, including but not limited to an investigation that resulted in the interview of Ginsburg, Yuskevich, And Dr. Dimitri Guvakov in April, 2011.

83.   Your state and federal tax returns for 2008, 2009, 2010, and 2011.

84.   All Documents Reflecting Your Communications with Any consulting experts Relative to Any of the events described in Plaintiffs' Complaint Or the exhibits thereto.

85.   All Documents Reflecting (a) budgeting, (b) operating costs, and (c) operating revenue for the cardio-thoracic surgical unit at Torresdale Hospital for the years 2008, 2009, 2010, and 2011.

86.    All Documents Reflecting the report And curriculum vitae Or resume of Any expert You intend to call at Any trial Or hearing of this matter.

87.    All Documents of a scholarly Or technical nature authored in whole Or in part by Dr. Metcalf.

88.    All Documents You intend to introduce into evidence at Any trial Or hearing of this matter.

89.    All Documents Reflecting Any and all analysis, comments, Or review of Dr. Metcalf's (a) employment with Aria, (b) performance at Aria, Or (c) replacement Or termination or his employment Or surgical privileges at Aria.

90.    All Documents Reflecting Any psychological, psychiatric, Or behavior monitoring of Metcalf having anything to do with his practice of medicine at Aria.

91.    All Documents Reflecting Any EEOC, PHRC, Or other agency complaints of whatsoever type filed against Aria Or Metcalf having anything to do with Metcalf in the last ten years.

92.    All Documents Reflecting promotional, advertising, And practice development documents used by You anytime in the last ten (10) years that in Any way Refer to Or depict Metcalf, Or Yuskevich, Or Ginsburg, either exclusively Or in connection with others.

93.    All Documents Reflecting Any videos Or still photographs You have of either Dr. Yuskevich Or Dr. Ginsburg at Any time in the last ten (10) years.

94.    All Documents Relating to the appointment of Metcalf as Chief of Cardiothoracic Surgery at Aria.

95.    All employment agreements and any attachments and amendments between You and Metcalf in effect at Any time during the last seven (7) years.

96.    Any and all anger management reports Relating to Metcalf.

97.    All written inquiries Or requests for (a) verification or employment, Or (b) recommendations received by You as to Yuskevich and/or Ginsburg.

98.    All Documents Reflecting the resume Or curriculum vitae of Each of the following persons:

    a.   Dr. Metcalf;

    b.   Sue Abraham;

    c.   Cliff Hall;

    d.   Domenick Bucci;

    e.   Dorinda Carolina;

    f.   Diane Doyle;

    g.   Eileen Zimmaro;

    h.   William G. Filmyer;

    i.   Paul Corso;

    j.   Marc Libasi;

    k.   Kate Kinslow;

    l.   Peter Farano;

    m.   Ron Kumar;

    n.   Roger Marinchek;

    o.   Haz Mohammad;

    p.   Dr. Dimitri Guvakov;

    q.   Dr. John Pym.

99.    All Documents Reflecting Your employee files for Each of the following persons:

19

a.  Dr. Metcalf;

b.  Sue Abraham;

c.  Cliff Hall;

d.  Domenick Bucci;

e.  Dorinda Carolina;

f.  Diane Doyle;

g.  Eileen Zimmaro;

h.  William G. Filmyer;

i.  Paul Corso;

j.  Marc Libasi;

k.  Kate Kinslow;

l.  Peter Farano;

m.  Ron Kumar;

n.  Roger Marinchek;

o.  Haz Mohammad;

p.  Dr. Dimitri Guvakov;

q.  Dr. John Pym.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Date: April 5, 2012                By:

George Bochetto, Esquire
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

20

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct

copy of *Plaintiffs' First Request for Production of Documents Directed To Defendants Aria*

*Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a*

*Frankford Health Care System, Inc. (Set I)* upon the following counsel via hand delivery:

Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

BOCHETTO & LENTZ, P.C.

By:_____
George Bochetto, Esquire

Date: April 5, 2012

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDO GINSBURG, M.D. and )
BRIAN P. YUSKEVICH, M.D., )
          )
       Plaintiffs, )    No. 2:12-cv-01140-NS
          )
      v. )
          )
ARIA HEALTH PHYSICIAN SERVICES, )
f/k/a FHCS PHYSICIAN SERVICES, )
ARIA HEALTH SYSTEM, f/k/a )
FRANKFORD HEALTH CARE SYSTEM, )
INC., and RANDY K. METCALF, M.D. )
          )
       Defendants. )

### PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS ARIA HEALTH PHYSICIAN SERVICES, f/k/a FHCS PHYSICIAN SERVICES AND ARIA HEALTH SYSTEM, f/k/a FRANKFORD HEALTH CARE SYSTEM, INC.

### (SET II)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Edo Ginsburg, M.D. And Brian P. Yuskevich, M.D., by and through their undersigned counsel Bochetto and Lentz, P.C., hereby request that Defendants Aria Health Physician Services, f/k/a FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc. respond to the following Document Requests. This Request for Production of Documents is continuing; Any Documents, materials and information that comes to Defendants' attention after answers are provided to Plaintiffs is to be supplied by supplemental answers and productions of Documents, materials, and information if such answers and Documents, materials, and information would have been included in the answers had it been known or available at the time Defendants provided their response to the Document Requests made herein.

## I.     **DEFINITIONS**

"Plaintiffs" shall mean plaintiffs Edo Ginsburg, M.D. and Brian P. Yuskevich, M.D. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Plaintiffs' behalf, unless the context indicates otherwise.

"Ginsburg" Or "Dr. Ginsburg" shall mean plaintiff Edo Ginsburg, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"Yuskevich" Or "Dr. Yuskevich" shall mean plaintiff Brian P. Yuskevich, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"You", "Your", "Aria", Or "Aria Health" shall mean defendants Aria Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care System, Inc. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Metcalf" Or "Dr. Metcalf" shall mean defendant Randy K. Metcalf, And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"The Hospital" Or "Torresdale Hospital" shall mean Aria's Torresdale Hospital And shall specifically include, where applicable, its officers, directors, employees, representatives,

2

agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Documents" shall mean all written, typewritten, handwritten, recorded Or printed matter of Any kind, including the originals And all identical And/or non-identical copies thereof, including Any non-identical copies different from the originals by reason of Any notation made on such copies Or otherwise, including without limitation, minutes And/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations Or reports, strategic Or business plans Or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice And intra-office Communications, offers, notations of Any sort of conversations, appointment books, day planners, calendars Or other appointment Or activity schedules, teletypes, telefax, thermafax, confirmations, computer files, computer disks, computer software, printouts of computer files, computer data (including information Or programs stored in Or on a computer Or Any other electronic device for data storage And retrieval including, but not limited to, personal digital accessories such as Palm Pilots™ And Blackberry devices, whether Or not ever printed out Or displayed); all drafts, alterations, modifications, changes And amendments to Any of the foregoing; all graphic Or manual records Or representations of Any kind including, without limitation, photographs, microfiche, microfilm, videotape, audio tape, records, motion pictures, And electronic, mechanical Or electric records Or representations of Any kind, including without limitation, tapes, cassettes, disks, magnetic cards, And recordings; And all other similar material which is in

3

Your possession, custody Or control. Without limiting the term "control" as used in the preceding sentence, a Document shall be deemed to be within Your control, regardless of its physical location, if You have the right to secure the Document Or a copy thereof from another person Or entity, either public Or private, including, but not limited to, Your legal counsel, having actual possession thereof.

"All Documents" shall mean every Document, whether an original Or copy Or other reproduction, as above defined, known to You, And every such Document Or writing which You can locate Or discover by reasonably diligent effort.

"Communication" means Any manner Or means of disclosure, transfer, Or exchange, And Any disclosure, transfer Or exchange of information whether delivered, communicated Or exchanged orally, Or in Any Document, in an "in person" Or face-to-face interaction, by telephone, by e-mail, Or by electronic, internet, wire, Or mail delivery.

"Refer," "Relate," "Reflect," "Regard," "Refer to," "Relate to," "Referring to," "Relating to," "Reflecting" And "Concerning" (or forms thereof) shall mean directly Or indirectly, in whole Or in part, referring to, relating to, connected with, commenting on, relevant to, impinging Or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, Or constituting.

"And" shall mean and/or. "Or" shall mean and/or.

"Each" shall mean each And every. "Any" shall mean any And all.

4

## II.   **INSTRUCTIONS**

If You claim Any form of privilege, whether based on statute Or otherwise, as a ground for not producing Documents responsive to Any Document Request, state the nature of the privilege claimed (e.g. attorney-client, work product Or other) And set forth all facts upon which the claim of privilege is based.

The fact that Your investigation is continuing, Or that discovery is not complete, should not be used as an excuse for failing to provide responsive Documents that are as full And complete as possible as of the date of answer.  The omission of Any name, fact Or other item of information from the responses shall be deemed a representation that such name, fact Or item was not known to You Or anyone acting on Your behalf at the time of service of the responsive Documents.

Whenever a request calls for information which is not available to You in the form requested, but is available in another form Or can be obtained at least in part from other sources in Your possession, You should so state And either supply the information requested in the form in which it is available Or supply the sources from which the information can be obtained.

Except for Reference to defined Or designated terms, Each discovery request shall be construed independently And not by Reference to Any other Document Request herein for purposes of limitation.

In responding to these requests, You shall furnish all information available at the time of responding, And shall supplement Your production of Documents in accordance with the Federal Rules of Civil Procedure And Local Rules of Civil Procedure.

To the extent You possess Any requested Document Or information in electronic form. And to the extent that the Requested Document Or information is stored on Any personal

5

computers, Any computers maintained by You Or Aria Health, Or Any cellular Or digital telephone, Blackberry, Personal Digital Assistant, electronic organizer, computer disk, back up tape, hard drive, Or other electronic device Or storage medium, the electronic data should be produced along with the device on which it is stored.

These Requests require You to produce All Documents Reflecting Electronic Communications And Documents in electronic storage including All metadata.

### III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents Reflecting Each Communication made to You, Your medical staff, Your administrators, Or Your surgical chief, Relative to the mistreatment and abuse by Metcalf of Alexander Bankov at Any time during Or after Alexander Bankov's employment with You.

2.    All Documents Reflecting Each Communication made to You, Your medical staff, Your administrators, Or Your surgical chief, Relative to the mistreatment and abuse by Metcalf of Mike Butler at Any time during Or after Mike Butler's employment with You.

3.    All Documents Reflecting Each Communication made to You, Your medical staff, Your administrators, Or Your surgical chief, Relative to the mistreatment and abuse by Metcalf of Ken Lavin at Any time during Or after Ken Lavin's employment with You.

4.    All Documents Reflecting Each Communication made to You, Your medical staff, Your administrators, Or Your surgical chief, Relative to the mistreatment and abuse by Metcalf of Mary Anne Devine, M.D. at Any time during Or after Dr. Devine's employment with You.

5.    All Documents, correspondences, reports, analysis, Or the like Relating to the termination (for whatever reason) of Metcalf's employment And/Or staff privileges at Aria's

6

Bucks County facility, either during the time when Aria owned Or was affiliated with Bucks County Or before.

6.    Plaintiffs believe Metcalf at one point within the last ten (10) years was required to Or in fact attended an anger management program of some form.  Please provide all Documents in Your possession in any way Relating to Or evidencing Any And all such anger management attendance(s) by Metcalf.


                                    Respectfully submitted,

                                    BOCHETTO & LENTZ, P.C.


Date:  April 9, 2012                By:
                                    George Bochetto, Esquire
                                    1524 Locust Street
                                    Philadelphia, PA 19102
                                    (215) 735-3900


7

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct copy of *Plaintiffs' Second Request for Production of Documents Directed To Defendants Aria Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care System, Inc. (Set II)* upon the following counsel via e-mail and first-class mail:

Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196
jwetchler@duanemorris.com


BOCHETTO & LENTZ, P.C.

By: _____
George Bochetto, Esquire

Date: April 9, 2012

# EXHIBIT N

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDO GINSBURG, M.D. and )
BRIAN P. YUSKEVICH, M.D., )
                 )
       Plaintiffs, )     No. 2:12-cv-01140-NS
                 )
      v. )
                 )
ARIA HEALTH PHYSICIAN SERVICES, )
f/k/a FHCS PHYSICIAN SERVICES, )
ARIA HEALTH SYSTEM, f/k/a )
FRANKFORD HEALTH CARE SYSTEM, )
INC., and RANDY K. METCALF, M.D. )
                 )
       Defendants. )

### PLAINTIFFS' FIRST SET OF INTERROGATORIES
### DIRECTED TO DEFENDANTS ARIA HEALTH PHYSICIAN SERVICES, f/k/a
### FHCS PHYSICIAN SERVICES AND ARIA HEALTH SYSTEM, f/k/a
### FRANKFORD HEALTH CARE SYSTEM, INC.

### (SET I)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Edo

Ginsburg, M.D. And Brian P. Yuskevich, M.D., by and through their undersigned counsel

Bochetto and Lentz, P.C., hereby request that Defendants Aria Health Physician Services, f/k/a

FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc.

respond to the following Interrogatories. These Interrogatories are continuing; Any Documents,

materials and information that comes to Defendants' attention after answers are provided to

Plaintiffs is to be supplied by supplemental answers if such answers and information would have

been included in the answers had it been known or available at the time Defendants provided

their responses to the Interrogatories made herein.

## I.    DEFINITIONS

"Plaintiffs" shall mean plaintiffs Edo Ginsburg, M.D. and Brian P. Yuskevich, M.D. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Plaintiffs' behalf, unless the context indicates otherwise.

"Ginsburg" Or "Dr. Ginsburg" shall mean plaintiff Edo Ginsburg, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"Yuskevich" Or "Dr. Yuskevich" shall mean plaintiff Brian P. Yuskevich, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"You", "Your", "Aria", Or "Aria Health" shall mean defendants Aria Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care System, Inc. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Metcalf" Or "Dr. Metcalf" shall mean defendant Randy K. Metcalf, And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"The Hospital" Or "Torresdale Hospital" shall mean Aria's Torresdale Hospital And shall specifically include, where applicable, its officers, directors, employees, representatives,

agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Documents" shall mean all written, typewritten, handwritten, recorded Or printed matter of Any kind, including the originals And all identical And/or non-identical copies thereof, including Any non-identical copies different from the originals by reason of Any notation made on such copies Or otherwise, including without limitation, minutes And/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations Or reports, strategic Or business plans Or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice And intra-office Communications, offers, notations of Any sort of conversations, appointment books, day planners, calendars Or other appointment Or activity schedules, teletypes, telefax, thermafax, confirmations, computer files, computer disks, computer software, printouts of computer files, computer data (including information Or programs stored in Or on a computer Or Any other electronic device for data storage And retrieval including, but not limited to, personal digital accessories such as Palm Pilots™ And Blackberry devices, whether Or not ever printed out Or displayed); all drafts, alterations, modifications, changes And amendments to Any of the foregoing; all graphic Or manual records Or representations of Any kind including, without limitation, photographs, microfiche, microfilm, video tape, audio tape, records, motion pictures, And electronic, mechanical Or electric records Or representations of Any kind, including without limitation, tapes, cassettes, disks, magnetic cards, And recordings; And all other similar material which is in

3

Your possession, custody Or control.  Without limiting the term "control" as used in the preceding sentence, a Document shall be deemed to be within Your control, regardless of its physical location, if You have the right to secure the Document Or a copy thereof from another person Or entity, either public Or private, including, but not limited to, Your legal counsel, having actual possession thereof.

"All Documents" shall mean every Document, whether an original Or copy Or other reproduction, as above defined, known to You, And every such Document Or writing which You can locate Or discover by reasonably diligent effort.

"Communication" means Any manner Or means of disclosure, transfer, Or exchange, And Any disclosure, transfer Or exchange of information whether delivered, communicated Or exchanged orally, Or in Any Document, in an "in person" Or face-to-face interaction, by telephone, by e-mail, Or by electronic, internet, wire, Or mail delivery.

"Refer," "Relate," "Reflect," "Regard," "Refer to," "Relate to," "Referring to," "Relating to," "Reflecting" And "Concerning" (or forms thereof) shall mean directly Or indirectly, in whole Or in part, referring to, relating to, connected with, commenting on, relevant to, impinging Or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, Or constituting.

"And" shall mean and/or.  "Or" shall mean and/or.

"Each" shall mean each And every.  "Any" shall mean any And all.

4

## II.    **INSTRUCTIONS**

These Interrogatories require You to provide all information And All Documents available to You, including all information And All Documents available to You through Any associated entity, affiliate, subsidiary, parent, employer, employee Or agent, including counsel.

These Interrogatories are deemed to be continuing so as to require the filing of Supplemental Responses And the production of additional Documents in the event You Or Your representatives (including counsel) learn additional facts Or discover additional Documents not set forth in Your Responses hereto Or discover that information given in said responses is erroneous.  Such Supplemental Responses may be filed from time to time, but not later than thirty (30) days after such further information is received.

Each Interrogatory shall be construed separately, And no Interrogatory shall be used to construe Any other Interrogatory more narrowly than it otherwise would be construed.

If You cannot supply precise information, state Your best estimate Or approximation (including Your best approximation of dates by reference to other events when necessary).

To the extent You contend in Your response to these Interrogatories that the information Or Documents sought is privileged, irrelevant, not required to be produced in discovery And/or otherwise not the proper subject of response by You, You must provide as complete an answer as You content is permissible under the Federal Rules of Civil Procedure.

If You refuse to answer Any of the following Interrogatories Or produce Documents in response thereto in whole Or in part, on the basis of a claim that the information Or Documents requested are privileged, You shall provide a statement setting forth as to Each such Interrogatory:  (a) the name And title Or position of all persons who know about the information; (b) the name And title Or position of recipients of the information; (c) the place, date And

5

manner in which the information was created; (d) a general description of the subject matter Or nature of the information sufficient to assess whether the assertion of the privilege is valid; (e) a statement of the basis for the claim of privilege; (f) the file(s) Or other place(s) of storage in which the information is maintained; And (g) with respect to Any claim of privilege Relating to an attorney, his Or he action, advice, Or work product, And the attorney Or attorneys involved.

## III.   **INTERROGATORIES**

1.      Describe with particularity (*e.g.* make, model, current location, and the identity of the current custodian of) Each And every electronic device (including, but not limited to, personal computers, laptops, blackberries, IPhones, cell phones, other PDA's) that You have issued to Any of the following persons at Any time since January 1, 2007, And, for Each such device describe the business purpose for which that device was used And the time period during which it was used: (a) Metcalf; (b) Sue Abraham; (c) Cliff Hall; (d) Domenick Bucci; (e) Dorinda Carolina; (f) Diane Doyle; (g) Eileen Zimmaro; (h) William G. Filmyer; (i) Paul Corso; (j) Marc Libasi; (k) Kate Kinslow; (l) Peter Farano; (m) Ron Kumar; (n) Roger Marinchek; (o) Haz Mohammad; (p) Dr. Dimitri Guvakov; (q) Dr. John Pym .

2.      Describe with particularity since January 1, 2005 what back-up servers Or electronic capacity of Any type exists at Aria to duplicate the contents of Each of the electronic devices issued to Each of the individuals identified in Interrogatory 1.

3.      Describe with particularity Each step You have taken to preserve information, charts, and electronic documentation regarding patients treated by Metcalf since receiving the undersigned's letter of August 18, 2011, attached hereto as Exhibit "A."

4.      Identify (by name, address, telephone number, e-mail address, and employment capacity) Each person You (a) know to possess Any information Relating to Plaintiff's

Complaint Or Defendants' response, And, separately, (b) You intend to call as a witness at the trial of this matter, And, for Each such person, describe the substance of the knowledge such individual possesses Or the testimony You intend to offer through such person at trial.

5.      Identify And describe in detail Each Communication that was made to You by Ginsburg, Yuskevich, Or Any other member of the Hospital medical staff Relative to Each "incident" And "serious event" described in Exhibit "O" to Plaintiff's Complaint.

6.      Identify (including name, address, telephone number, and e-mail address) Each individual who since the time of Yuskevich's leave of absence to the present performs cardiac thoracic anesthesiology at Torresdale Hospital.

7.      Identify And describe in detail Any reprimand censure, warning, demotion, Or other disciplinary action that You took against Metcalf after Dr. Ashrafe Ewida wrote to You on August 23, 2004 and stated to You that Metcalf had exhibited rage and an "unprofessional attitude" towards him.

8.      Identify And describe in detail Any reprimand, censure, warning, demotion, Or other disciplinary action that You took against Metcalf after Dr. Harold Cooper wrote to You on March 13, 2004 and described the hostile work environment created by Metcalf.

9.      Identify And describe in detail Any reprimand, censure, warning demotion, Or other disciplinary action that You took against Metcalf after the 2006 incident involving Dr. Belski described in paragraphs 37 and 38 of Plaintiff's Complaint.

10.     Identify Each person (other than Drs. Cooper, Ewida, And Belski) who complained to You Relative to Metcalf's behavior, unprofessionalism, Or mistreatment of Hospital employees, staff, Or patients at Any time on Or after January 1, 2005.

7

11.    Identify And describe in detail Any reprimand, demotion, Or other disciplinary action that You took anytime within the last five (5) years against Metcalf pursuant to Aria policy number 913-610 (employee conduct) Or Any amendment thereto.

12.    Identify Each complaint, description, Or report to You of Any threat, threatening language, act of aggression Or violence that Any Aria employees Or staff claim were made by Metcalf at Any time on Or after January 1, 2005.

13.    Provide the identity, job description, telephone number, address, and email address of Each supervisor Or direct report of Dr. Metcalf during the time period January 1, 2005 to the present.

14.    Identify Each occasion (by date and the identity of the person on the receiving end) where Any of Metcalf's supervisors referred, reported, Or described him to Aria's Employee Assistance Program (EAP) And produce All Documents Reflecting Each such referral, report, Or description.

15.    Identify and describe in detail Each report, complaint, Or description You have received of Any discriminatory, retaliatory, abusive, unprofessional, Or inappropriate conduct exhibited by Metcalf at the Hospital at Any time since January 1, 2005 to the present, and describe in detail what follow up action was taken by You and by whom.

16.    Identify And describe in detail Each instance (including date and to whom reported Or claimed) where Ginsburg Or Yuskevich reported to You that Metcalf had made a derogatory statement about either Plaintiff's race Or national origin Or where Ginsburg made reports to You relative to Metcalf's harassment Relating to his physical limp when walking And describe in detail what follow up action was taken.

8

17.    Identify And describe in detail Each instance (including date and to whom reported Or claimed) where Yuskevich Or Ginsburg made report(s) to You that Metcalf had engaged in violence Or made threats towards them Or Any other Hospital staff and describe in detail what follow up action was taken.

18.    Identify And describe in detail Each employment reference (including date, to whom, and what stated) Or acknowledgement of staff privileges that You have made for Ginsburg Or Yuskevich at Any time during calendar years 2010 Or 2011.

19.    Identify by name, address, telephone number, and area of specialty Each expert You intend to (a) consult and (b) call as a witness at the trial of this matter, and, for Each such person, further make the disclosures required under Rule 26 of the Federal Rules of Civil Procedure.

20.    Identify by caption (including court term and number) and venue Each lawsuit filed against Aria Or Metcalf at Any time since January 1, 2005 having anything to do with (a) Metcalf's treatment of patients; Or (b) Metcalf's conduct towards others, regardless of the disposition or status of Any such lawsuit.

21.    Describe with particularity each and every disciplinary action, censure, corrective action, penalty, Or limitation on employment Or responsibilities You have taken as to Metcalf at Any time since January 1, 2005.

22.    If You Or Any agency ever appointed Or engaged Any individual to monitor Or coach the practice, Or anger of Dr. Metcalf, identify by name, address, telephone number, And email address Each such individual.

23.    Do You have videotapes Or still photographs of Metcalf rendering Any patient care at Any time within the last seven (7) years, And, if so, describe such videos And still

9

photographs and identify the current custodian and location of Each such video Or photograph.

Please also produce Each such video Or photograph.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Date: April 5, 2012                    By: _____

George Bochetto, Esquire
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

10

# BOCHETTO & LENTZ

### A PROFESSIONAL CORPORATION

GEORGE BOCHETTO†^

GAVIN P. LENTZ*
JEFFREY W. OGREN*
DAVID P. HEIM*
VINCENT van LAAR*
TODD S. MCGARVEY*
TRICIA DESMARAIS*
JOHN A. O'CONNELL*

ALBERT M. BELMONT, III*
  *OF COUNSEL*

CORA L. O'DONNELL, J.D.
MARIA TROUT
JANINE BAKER
SHIRE MCLELLAN
  *PARALEGALS*

PRACTICE DEDICATED TO LITIGATION
AND NEGOTIATION MATTERS

ATTORNEYS AT LAW
1524 LOCUST STREET
PHILADELPHIA, PA 19102

———

TELEPHONE: (215) 735-3900
TELECOPIER: (215) 735-2455

———

FIRM WEB SITE:
bochettoandlentz.com

E-MAIL ADDRESS:
gbochetto@bochettoandlentz.com

NEW JERSEY OFFICE

———

1239 BRACE ROAD
CHERRY HILL, NEW JERSEY 08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0631
TELECOPIER: (856) 722-5511

———

* ALSO ADMITTED TO NEW JERSEY BAR
† ALSO ADMITTED TO NEW YORK BAR
^ ALSO ADMITTED TO D.C. BAR

August 18, 2011

**VIA E-MAIL - RVillalobos@ariahealth.org**
**AND FIRST-CLASS MAIL**
Rafael Villalobos, Esquire
Aria Health System
Knights & Red Lion Road
Philadelphia, PA 19114

Re:   **Drs. Brian Yuskevich and Edo Ginsburg**

Dear Mr. Villalobos:

As you know, I represent Drs. Brian Yuskevich and Edo Ginsburg in connection with their employment with Aria Health (and any associated or affiliated entities, hereinafter referred to as "Aria").

From my meetings with Drs. Yuskevich and Ginsburg, and my examination of certain facts, there appear to be some very troubling circumstances, and I am quite concerned that appropriate measures have not been taken to protect Drs. Yuskevich's and Ginsburg's positions, reputations, and standing within the medical community. I am also concerned about the integrity of the historical data concerning their patient care and the patient care provided by Dr. Randy Metcalf. By way of example, Dr. Yuskevich already described for you during his interview the fact that pieces of patient records are missing and the fact that many patient charts are devoid of accurate accounts of what actually occurred in Dr. Metcalf's operating room.

Therefore, first and foremost, I am hereby putting Aria on notice, through you as its General Counsel, that any and all records, reports, billings, medical records, patient charts, lab data, and/or reports and/or statements of physician's assistants, profusionists, and nurses, and any other documents relating to any instance where either Drs. Yuskevich or Ginsburg, or Dr. Metcalf, rendered any patient care, be fully and carefully preserved without alteration, and, further, as importantly, that no new documents be created, backdated, or proposed without advance written notice to us. The foregoing obligations to preserve all documentation also includes preservation of any and all forms of electronic data, which should all be preserved in their original state, including both all of the hardware (servers, laptops, zip drives, and the like)

**BOCHETTO & LENTZ, P.C.**
Rafael Villalobos, Esquire
Aria Health System
August 18, 2011
Page 2

and software related thereto.

Additionally, we are hereby requesting that Aria take immediate steps to secure and preserve all blackberries (or other hand-held type devices) of Dr. Metcalf and all of his assistants and technicians for the time period of 2005 to the present, and to insist that no further use of such devices be allowed. (To the extent such individuals need such hand-held type devices, they should be issued replacement devices.)

Separately, and in addition, notice is hereby served upon Aria that Drs. Yuskevich and Ginsburg reserve the right to challenge the terms and conditions of the alterations in their employment, which were wrongful, tortious, and extremely damaging to them.

Should we not receive your written assurances regarding the foregoing requests for the preservation of documents and hardware (including hand-held devices), we will not hesitate to bring these matters to the attention of appropriate law enforcement and regulatory agencies, and to seek other appropriate relief in any litigation that may ensue.

Sincerely,

**BOCHETTO & LENTZ, P.C.**

By: George Bochetto

GB:dc

bcc:    Dr. Brian Yuskevich (via e-mail)
        Dr. Edo Ginsburg (via e-mail)
        Gavin P. Lentz, Esquire
        Todd S. McGarvey, Esquire

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct

copy of *Plaintiffs' First Set Of Interrogatories Directed To Defendants Aria Health Physician*

*Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care*

*System, Inc. (Set I)* upon the following counsel via hand delivery:


Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196



BOCHETTO & LENTZ, P.C.


By: _____
George Bochetto, Esquire

Date: April 5, 2012

# EXHIBIT O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDO GINSBURG, M.D. and )
BRIAN P. YUSKEVICH, M.D., )
                                  )
      Plaintiffs,          )      No. 2:12-cv-01140-NS
                                    )
     v.                   )
                                    )
ARIA HEALTH PHYSICIAN SERVICES, )
f/k/a FHCS PHYSICIAN SERVICES, )
ARIA HEALTH SYSTEM, f/k/a )
FRANKFORD HEALTH CARE SYSTEM, )
INC., and RANDY K. METCALF, M.D. )
                                  )
      Defendants.        )

## PLAINTIFFS' SECOND SET OF INTERROGATORIES
## DIRECTED TO DEFENDANTS ARIA HEALTH PHYSICIAN SERVICES, f/k/a
## FHCS PHYSICIAN SERVICES AND ARIA HEALTH SYSTEM, f/k/a
## FRANKFORD HEALTH CARE SYSTEM, INC.

### (SET II)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Edo

Ginsburg, M.D. And Brian P. Yuskevich, M.D., by and through their undersigned counsel

Bochetto and Lentz, P.C., hereby request that Defendants Aria Health Physician Services, f/k/a

FHCS Physician Services and Aria Health System, f/k/a Frankford Health Care System, Inc.

respond to the following Interrogatories.  These Interrogatories are continuing; Any Documents,

materials and information that comes to Defendants' attention after answers are provided to

Plaintiffs is to be supplied by supplemental answers if such answers and information would have

been included in the answers had it been known or available at the time Defendants provided

their responses to the Interrogatories made herein.

## I.     DEFINITIONS

"Plaintiffs" shall mean plaintiffs Edo Ginsburg, M.D. and Brian P. Yuskevich, M.D. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Plaintiffs' behalf, unless the context indicates otherwise.

"Ginsburg" Or "Dr. Ginsburg" shall mean plaintiff Edo Ginsburg, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"Yuskevich" Or "Dr. Yuskevich" shall mean plaintiff Brian P. Yuskevich, M.D., And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"You", "Your", "Aria", Or "Aria Health" shall mean defendants Aria Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care System, Inc. And shall specifically include, where applicable, their officers, directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Metcalf" Or "Dr. Metcalf" shall mean defendant Randy K. Metcalf, And shall specifically include, were applicable, his directors, employees, representatives, agents, independent contractors, attorneys, And all others acting for And Or on his behalf.

"The Hospital" Or "Torresdale Hospital" shall mean Aria's Torresdale Hospital And shall specifically include, where applicable, its officers, directors, employees, representatives,

2

agents, independent contractors, attorneys, And all others acting for and/or on Aria's behalf, unless the context indicates otherwise.

"Documents" shall mean all written, typewritten, handwritten, recorded Or printed matter of Any kind, including the originals And all identical And/or non-identical copies thereof, including Any non-identical copies different from the originals by reason of Any notation made on such copies Or otherwise, including without limitation, minutes And/or other records of meetings, agendas, bills, contracts, leases, assignments, agreements, summaries of negotiations, account books, orders, invoices, statements, bills, checks, accounting records, vouchers, summaries, diaries, forecasts, studies, drawings, graphs, charts, reports, and/or summaries of investigations Or reports, strategic Or business plans Or summaries, brochures, pamphlets, publications, circulars, advertisements, trade letters, press releases, statements of policy, correspondence, letters, telegrams, interoffice And intra-office Communications, offers, notations of Any sort of conversations, appointment books, day planners, calendars Or other appointment Or activity schedules, teletypes, telefax, thermafax, confirmations, computer files, computer disks, computer software, printouts of computer files, computer data (including information Or programs stored in Or on a computer Or Any other electronic device for data storage And retrieval including, but not limited to, personal digital accessories such as Palm Pilots™ And Blackberry devices, whether Or not ever printed out Or displayed); all drafts, alterations, modifications, changes And amendments to Any of the foregoing; all graphic Or manual records Or representations of Any kind including, without limitation, photographs, microfiche, microfilm, video tape, audio tape, records, motion pictures, And electronic, mechanical Or electric records Or representations of Any kind, including without limitation, tapes, cassettes, disks, magnetic cards, And recordings; And all other similar material which is in

3

Your possession, custody Or control.   Without limiting the term "control" as used in the preceding sentence, a Document shall be deemed to be within Your control, regardless of its physical location, if You have the right to secure the Document Or a copy thereof from another person Or entity, either public Or private, including, but not limited to, Your legal counsel, having actual possession thereof.

"All Documents" shall mean every Document, whether an original Or copy Or other reproduction, as above defined, known to You, And every such Document Or writing which You can locate Or discover by reasonably diligent effort.

"Communication" means Any manner Or means of disclosure, transfer, Or exchange, And Any disclosure, transfer Or exchange of information whether delivered, communicated Or exchanged orally, Or in Any Document, in an "in person" Or face-to-face interaction, by telephone, by e-mail, Or by electronic, internet, wire, Or mail delivery.

"Refer," "Relate," "Reflect," "Regard," "Refer to," "Relate to," "Referring to," "Relating to," "Reflecting" And "Concerning" (or forms thereof) shall mean directly Or indirectly, in whole Or in part, referring to, relating to, connected with, commenting on, relevant to, impinging Or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, Or constituting.

"And" shall mean and/or.  "Or" shall mean and/or.

"Each" shall mean each And every.  "Any" shall mean any And all.

4

## II.   INSTRUCTIONS

These Interrogatories require You to provide all information And All Documents available to You, including all information And All Documents available to You through Any associated entity, affiliate, subsidiary, parent, employer, employee Or agent, including counsel.

These Interrogatories are deemed to be continuing so as to require the filing of Supplemental Responses And the production of additional Documents in the event You Or Your representatives (including counsel) learn additional facts Or discover additional Documents not set forth in Your Responses hereto Or discover that information given in said responses is erroneous.  Such Supplemental Responses may be filed from time to time, but not later than thirty (30) days after such further information is received.

Each Interrogatory shall be construed separately, And no Interrogatory shall be used to construe Any other Interrogatory more narrowly than it otherwise would be construed.

If You cannot supply precise information, state Your best estimate Or approximation (including Your best approximation of dates by reference to other events when necessary).

To the extent You contend in Your response to these Interrogatories that the information Or Documents sought is privileged, irrelevant, not required to be produced in discovery And/or otherwise not the proper subject of response by You, You must provide as complete an answer as You content is permissible under the Federal Rules of Civil Procedure.

If You refuse to answer Any of the following Interrogatories Or produce Documents in response thereto in whole Or in part, on the basis of a claim that the information Or Documents requested are privileged, You shall provide a statement setting forth as to Each such Interrogatory:  (a) the name And title Or position of all persons who know about the information; (b) the name And title Or position of recipients of the information; (c) the place, date And

5

manner in which the information was created; (d) a general description of the subject matter Or nature of the information sufficient to assess whether the assertion of the privilege is valid; (e) a statement of the basis for the claim of privilege; (f) the file(s) Or other place(s) of storage in which the information is maintained; And (g) with respect to Any claim of privilege Relating to an attorney, his Or he action, advice, Or work product, And the attorney Or attorneys involved.

III.   **INTERROGATORY**

1.    Identify (by name, address, telephone number, e-mail address, and employment capacity) Each person You employed or granted staff privileges to as a Cardiothoracic Surgeon at Any time within the last seven (7) years for:

   a. Torresdale;

   b. Frankford; and

   c. All other Hospital facilities.

       Respectfully submitted,

       **BOCHETTO & LENTZ, P.C.**

Date:  April 9, 2012     By:

       George Bochetto, Esquire
       1524 Locust Street
       Philadelphia, PA 19102
       (215) 735-3900

6

## CERTIFICATE OF SERVICE

I, George Bochetto, Esquire, hereby certify that I caused to be served a true and correct copy of *Plaintiffs' Second Set Of Interrogatories Directed To Defendants Aria Health Physician Services, f/k/a FHCS Physician Services And Aria Health System, f/k/a Frankford Health Care System, Inc. (Set II)* upon the following counsel via hand delivery:

Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

BOCHETTO & LENTZ, P.C.

By: _____
George Bochetto, Esquire

Date: April 9, 2012

# EXHIBIT P

# BOCHETTO & LENTZ

A PROFESSIONAL CORPORATION

GEORGE BOCHETTO†^
GAVIN P. LENTZ*
JEFFREY W. OGREN*
DAVID P. HEIM*
VINCENT van LAAR*
TODD S. McGARVEY*
TRICIA DESMARAIS*
JOHN A. O'CONNELL*
PETER R. BRYANT*

ALBERT M. BELMONT, III*
OF COUNSEL

CORA I. O'DONNELL, J.D.
MARIA TROUT
JANINE BAKER
SHIRE McLELLAN
PARALEGALS

PRACTICE DEDICATED TO LITIGATION
AND NEGOTIATION MATTERS

ATTORNEYS AT LAW
1524 LOCUST STREET
PHILADELPHIA, PA 19102

—

TELEPHONE: (215) 735-3900
TELECOPIER: (215) 735-2455

—

FIRM WEB SITE:
bochettoandlentz.com

E-MAIL ADDRESS:
gbochetto@bochettoandlentz.com

NEW JERSEY OFFICE

1230 BRACE ROAD
CHERRY HILL, NEW JERSEY 08034
TELEPHONE NUMBERS:
(856) 722-9595
(856) 427-0631
TELECOPIER: (856) 722-5511

—

* ADMITTED TO NEW JERSEY BAR
† ADMITTED TO NEW YORK BAR
^ ADMITTED TO D.C. BAR

April 16, 2012

**VIA E-MAIL – jwetchler@duanemorris.com**
**AND FIRST-CLASS MAIL**
Jonathan D. Wetchler, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

Re:     *Yuskevich, et al v. Aria Health, et al.*
        **U.S.D.C. for the Eastern District of PA, No. 2:12-cv-01140-NS**

Dear Mr. Wetchler:

        Please provide me with available dates any time between May 16th and June 1st to take the depositions of the following persons either employed by Aria or previously employed by Aria:

> Deborah Wiese, R.N.
> Lillian Carson, R.N.
> Carolyn Sheaf, R.N.
> Marian Principe, R.R.T.
> Maryanne Devine, M.D.
> Richard Kang, P.A.
> Steve Roberts, M.D.
> Ted Zombolas, C.C.P.
> Linde Funsrud Wilson
> Sandra Myerson, R.N.
> Moussa Elbayoumy, M.D.

        I believe I can do two to three depositions per day. Please advise me of your availability at your earliest opportunity.

**BOCHETTO & LENTZ, P.C.**
Jonathan D. Wetchler, Esquire
Duane Morris, LLP
April 16, 2012
Page 2


Thank you.


Sincerely,

**BOCHETTO & LENTZ, P.C.**

By:
George Bochetto

GB:dc